HARDY, Judge.
This action was instituted by plaintiff, Faye Ola Smith, by a petition for a judicial review of an adverse decision of the Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana. After first hearing, upon plaintiff’s application, the matter was remanded by judgment of the district court to the Board of Review for the taking of additional evidence. After complying with the order of remand the Board of Review reinstated its holding disqualifying plaintiff from unemployment benefits, and the matter was again tendered to the Third Judicial District Court in and for Union Parish. After hearing and submission there was judgment in favor of the claimant in the sum of $325 representing unpaid unemployment compensation benefits. From this judgment the Administrator of the Division of Employment Security prosecutes this appeal.
The facts are established without serious dispute. Plaintiff was discharged from her employment with Commercial Solvents at Sterlington, Louisiana, on November 25, 1955, for an alleged violation of company rules in marrying a man who was also an employee in the same plant. Claimant filed .an application for unemployment benefits •on January 5, 1956, and the agency dis•qualified claimant, effective November 25, 1956, “for being discharged for misconduct ■connected with the work” from which action claimant appealed. A hearing on the appeal was conducted in the Monroe office •of the agency on February 28, 1956, before the Chief Appeals Referee, at which hearing claimant was the only witness. The sole issue presented at the hearing, as evidenced by the statement of the Referee incorporated in the transcript of the proceedings of the hearing, was stated as follows:
“The issue is discharge for misconduct connected with the work.”
It is evident that the only basis for the charge of misconduct was claimant’s alleged violation of a company rule in marrying a fellow employee. The testimony on this point was conclusive and the finding of the Referee was positive that there was no misconduct chargeable to claimant within the intent of the act. It was clear that no company rule or regulation was involved, and, at worst, it could only be concluded that there was some sort of “custom” on the part of the employer which prohibited the employment of both husband and wife. Certainly it is unnecessary in this connection to dwell upon the question of marriage, under such circumstances, constituting misconduct justifying denial of eligibility for unemployment benefits.
However, the hearing, which was called and held for the purpose of determining the alleged question of misconduct, developed, under questioning by the Referee, an entirely extraneous issue involving disqualification on the ground of the finding that claimant was “not available for work” and therefore was held “ineligible for benefits as of February 28, 1956.” We pause to observe that this proceeding is somewhat analogous to charging an accused with petty larceny and finding him guilty of armed, robbery.
From the conclusion of disqualification claimant appealed to the Board of Review, whose unfavorable holding was predicated upon the following statement:
“Since she became unemployed she has not shown by any positive demonstration that she has been on the available labor market. She has failed to meet the eligibility requirements inso *351 far as her availability is concerned; therefore the Appeals Referee was correct in so holding.”
The district judge found that the evidence before the Board of Review did not support the conclusion reached and rendered judgment in favor of claimant.
Counsel’s first complaint of error is set forth in the following statement contained in brief before this court:
“The record in this case shows that claimant became unemployed by her own act in marrying contrary to the employer’s opposition to married women working in their plant. This act on the part of claimant constitutes a voluntary quitting entailing the application of the disqualification provisions of [LSA-] R.S. 23:1601-(1).”
The above stated proposition is untenable. There is no evidence whatsoever in the record that claimant’s employer had any rule, regulation or instruction with reference to the employment of married persons. Plaintiff was notified by her foreman on the day upon which she was to be married that she could pick up her check on the way out. These were the findings of the Appeals Referee who held that claimant was separated under “non-disqualifying conditions”. This holding has never been disturbed by any agency of the defendant nor by any judicial tribunal. We find no ground for its consideration in connection with this appeal, but, in any event, we are firmly resolved that claimant’s exercise of the inalienable right to contract marriage cannot be considered as a voluntary quitting of employment because it conflicts with some unexplained idiosyncrasy of the employer.
The remaining issue which is here presented concerns the question as to whether claimant was available for work within the provisions of the statute dealing with unemployment compensation, particularly Sections 1600 and 1601 of Title 23 of the LSA-Revised Statutes.
Section 1600 deals with the eligibility of an individual to receive unemployment benefits and requires, in part, that claim must have been made for benefits within the provisions of the statute; that the claimant has registered for work and has continued to report at an employment office “in accordance with such regulations as the administrator may prescribe”; and that the claimant be able to work and available for work.
In the face of the facts established in the instant case there can be no serious contention that the claimant has failed to-comply with the eligibility requirements.
Section 1601, as amended by Acts of 1952' and 1954, covers disqualification for benefits, and, among other provisions, establishes as ground for disqualification the-failure on the part of claimant “without good cause, either to apply for available,, suitable work when so directed by the administrator or to accept suitable work when-offered him, * * Again, under the-facts, it is to be noted that there is no evidence that the claimant has been directed: by the Administrator to apply for any character or nature of work and the record, completely negatives any refusal on the part of the claimant to accept an offer of' work.
Counsel for. appellant correctly makes-the distinction between the eligibility requirements, which are conditions precedent to the award of compensation, and the-grounds for disqualification for benefits under which an initially eligible claimant may be deprived of the continuance of payment of unemployment compensation benefits. Nevertheless, we are of the opinion that learned counsel is guilty of confusing the-very distinction he has made by contending that a claimant found to be eligible for benefits may be disqualified on the ground that he is not “available” for work. The cause of this confusion, in our opinion, is-found in an erroneous definition and application of the term “available”. Counsel! would read into the use of the word “avail *352 able” a meaning which is not implicit either by definition or by any evidence of legislative intent.
Counsel relies upon the holding of the Supreme Court of Florida in the case of Florida Industrial Commission v. Ciarlante, 84 So.2d 1, which comprehends a learned consideration of a number of cases from other states bearing upon the use of the term “available for work”. We are not impressed with the holding in the cited case as authority or precedent for a similar interpretation in the matter before us. The facts are completely at variance and thej basis of the court’s finding is predicated upon reasons which are not appropriate to the case here under consideration.
The facts in the instant case show that claimant lived in a small, rural community; that the only' industrial plant in the vicinity was the one from which she had been summarily discharged; that the opportunities for employment were few; that claimant was registered in defendant’s Monroe office, to which she reported once a week over a period of 20 weeks; that on each occasion she was asked and affirmatively answered as to her ability, willingness and availability for work; that she made some contacts in search of employment, and that she never at any time indicated a lack of availability for employment.
The applicable definition of the word “available” as given in Webster’s New International Dictionary, Second Edition, is:
“at disposal; accessible or attainable; obtainable.”
Counsel zealously contends that there should be read into the definition and the legal intent of the term “available” the obligation upon a claimant to engage in a continuous and unceasing search for employment. Such an interpretation would be an unwarranted extension of the usual and accepted meaning of the term. In truth, the word “available” entails a somewhat passive connotation. We think it is a sufficient enlargement of the term to hold that a claimant must show an active interest and effort in securing employment. These requirements have been evidenced in the instant case.
It should be pointed out that under the specific provisions of the act the entire burden does not rest upon a claimant but there are commensurate responsibilities and obligations on the part of the Administrator. There is no showing whatsoever in this case that the claimant was ever offered employment or directed by the office of the Administrator to make any special application for employment at any designated place or places. As we have pointed out, the labor market in the area in which claimant lived wa9 restricted and there is not the slightest evidence in the record before us that any opportunity for employment actually existed. At the time of the second hearing before the Appeals Referee on August 1, 1956, claimant had found part-time employment at a much lower rate of pay than that which she had earned in the employ of Commercial Solvents.
Our thorough consideration of the record in this case convincingly justifies the conclusion that defendant’s action in disqualifying claimant or declaring her ineligible on the ground that she was not available for work, was unsupported by the evidence, and, accordingly, the judgment appealed from is affirmed.