SAVOY, Judge.
This is an appeal by the Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, and the employer of plaintiff from a judgment of the district court granting plaintiff unemployment compensation under the provisions of LSA-R.S. 23:1471— 1713.
The facts are not in dispute and are substantially as follows:
On April 7, 1961, the Board of Review for the Division of Employment Security of the Department of Labor of the State of Louisiana mailed to plaintiff a decision of the Board that plaintiff, a former employee of A. L. Varnado, d/b/a Southern Mercantile Company, was disqualified from receiving unemployment compensation for the reason that he left his employment voluntarily without cause connected with his employment, as provided for by LSA-R.S. 23:1601(1).
LSA-R.S. 23:1601 provides in part as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his' last work under disqualifying circumstances. * * * ”
Plaintiff appealed the administrative finding to the appeals referee of the said agency, who affirmed the finding. He then appealed the decision to the Board of Review for the Division of Employment Security of the Department of Labor of the State of Louisiana, which likewise affirmed the ruling of the appeals referee. Finally, plaintiff appealed from the last decision to the district court which reversed the decision of the Board of Review and granted plaintiff unemployment benefits under the act. Appeal to this Court followed.
The Board of Review found the following facts in connection with the instant case, to-wit:
“The claimant filed for benefits on December 27, 1960. He reported he last worked on August 20, 1960. While off duty, he was returning from a trip he had made to Baton Rouge, Louisiana, and was involved in an automobile accident. He was subsequently hospitalized from August 22, 1960, to No *662 vember 1, 1960. Following his release from the hospital, he was incarcerated from November 1, 1960 to December 3, 1960, for alleged monsupport of his wife. Inasmuch as his automobile is in a non-operable condition, he is unable to perform his work assignment. He did not contact the employer, inasmuch as he felt there was no purpose in doing so.
“There is sufficient evidence to support the findings that the claimant left suitable employment without good cause connected with the employment.”
Plaintiff did not contradict the facts as found by the Board of Review.
The judicial standard of reviewing findings of the administrative agency in question have recently been summarized in Broussard v. Administrator (Ct.App., 1 Cir. 1960), 121 So.2d 268, 270, to be as follows:
“ ‘ * * * the courts may not invalidate the findings of fact by the Board of Review where supported by evidence entitled to judicial acceptance. It is equally clear, however, that where a court must ascertain the effect of the act, judicial responsibility embraces the question of whether such findings are indicative of a disqualification under the statute. * * *
“ * * * ‘While the courts cannot question facts as found by the Board if supported by sufficient evidence, they should always be able to determine the meaning of the law to be applied to those facts and to review the application of the law.’ ”
With regard to the case before us, the administrative agency found that the claimant vacated his job “without good cause connected with his employment”. LSA-R.S. 23:1601(1). While prior to the amendment of Section 1601(1) by Act 401 of 1952 an employee would be entitled to unemployment compensation benefits if he left his job for “good cause”, such as we are sure his having been involved in a serious and disabling accident would be, nevertheless by the 1952 amendment the disqualification was broadened so that the employee leaving his work voluntarily for good cause was nevertheless disqualified unless such good cause was “connected with his employment”, even though it be by circumstances of which the employee had no control. See Baker v. Sharp (Ct.App., 1 Cir., 1959), 110 So.2d 209; Sheffield v. Heard (Ct.App., 2 Cir., 1957), 92 So.2d 295.
Perhaps if the employee had abandoned his job because of the destruction of his automobile which was necessary to the performance of the duties of his work, such a reason for quitting his employment could be considered a nondisqualifying good cause connected with his employment. Thus in the Broussard case, above cited, an employee who did not return to work because of a disabling injury sustained thereat was held not to have left his employment without good cause connected therewith, for the disabling injury was sustained at work.
But in the present instance, the employee did not return to work because he was hospitalized for over two months due to an injury sustained while off duty. The reason he left his work was thus not connected with his employment; or, at least, there is sufficient evidence in the record to support the administrative agency’s determination to this effect. We must therefore uphold the conclusion reached by the agency.
For the reasons assigned, the judgment of the district court is reversed and judgment is hereby rendered in favor of defendants, Richard E. Brown, Jr., Administrator of the Division of Employment Security, Department of Labor of the State of Louisiana, and A. L. Varnado, d/b/a Southern Mercantile Company, and against plaintiff, James W. Gladson, rejecting his demands, and dismissing his suit. Costs of court incurred in the district court and on appeal are taxed against plaintiff.
Reversed and rendered.