HALL, Judge.
Algiers Homestead Association, erstwhile employer of Mrs. Brenda P. Migaud, and plaintiff in this action for judicial review, prosecutes this appeal from a judgment of the District Court which affirmed a decision of the Board of Review of the Division of Employment Security of the Louisiana Department of Labor awarding unemployment compensation benefits to Mrs. Migaud.
The issue to be determined is whether Mrs. Migaud is disqualified to receive unemployment compensation benefits under the provisions of LSA-R.S. 23:1601(1) because she left her employment by reason of illness resulting from pregnancy.
The facts of the case were adduced at a hearing before an Appeals Referee appointed by the Louisiana Board of Review. Mrs. Migaud was employed as a general office worker by the Algiers Homestead Association for approximately 2pá years at a salary of $275.00 per month. When she learned she had become pregnant she notified her supervisor and asked for a leave of absence. She was never given a definite answer to this request. Pending the time that she would be forced to quit she helped her supervisor, Mr. Humphrey, to train two new employees, one to take her place and one to fill a new position.
On or about Saturday, August 4, 1962 Mrs. Migaud became quite ill and was advised by her physician, Dr. C. W. Peterson “to stop work due to her pregnancy.” That afternoon her husband telephoned Mr. Hugh Humphrey, secretary-treasurer of the homestead and informed him that his wife was too ill to return to work on Monday or thereafter. Mr. Humphrey testified that this news came as quite a surprise to him, that he had understood she would continue to work until September 1, 1962, and that her quitting seriously interfered with his plan to leave on his vacation Monday night.
Mrs. Migaud’s baby was born on October 13, 1962. She filed her claim for unemployment compensation on December 10, 1962. Her claim was initially disallowed for the reason that she “left the job without a good cause connected with the work,” but this determination was reversed by the Appeals Referee and the latter’s decision was affirmed by the Board of Review, and subsequently by the Civil District Court for the Parish of Orleans.
*865 Algiers Homestead Association, appellant herein, contends primarily that Mrs. Migaud left her employment without having obtained a leave of absence and should be disqualified under the provisions of LSA-R.S. 23:1601(1) because she left “without good cause connected with his (her) employment.” The record shows that she requested a leave of absence but was never given a definite answer. We believe that she was entitled to receive a leave of absence. At any rate the progress of gestation would not await the receipt of a formal leave, and we are of the opinion that her request for a leave was sufficient.
In support of its contention that being forced to leave an employment on account of illness due to pregnancy is not “good cause connected with the employment” appellant cites the following decisions from other jurisdictions: John Morrell & Co. v. Unemployment Compensation Commission, 69 S.D. 618, 13 N.W.2d 498 (Sup.Ct. of South Dakota); Gearhart v. Unemployment Board of Review, 194 Pa.Super. 418, 168 A.2d 646, 647 (Sup.Ct. of Pennsylvania); Moulton v. Iowa Employment Security Commission, 239 Iowa 1161, 34 N.W.2d 211; Bussmann Manufacturing Co. v. Industrial Commission, Mo.App., 335 S.W.2d 456; Janello v. Administrator, Unemployment Compensation Act, 23 Conn.Sup. 155, 178 A.2d 282, and Medwick v. Board of Review, Division of Employment Security, 69 N.J.Super. 338, 174 A.2d 251.
There appear to be no decisions in this state exactly in point, but we find that since the passage of Act 401 of 1952 which amended LSA-R.S. 23:1601 by limiting “good cause” for leaving employment to “good cause connected with his employment” our courts have been disposed to hew to the strict letter of the law and to disqualify claimants when the cause of leaving, however imperative, was not proved to be connected with the employment. See Sheffield v. Heard, La.App., 92 So.2d 295; Gladson v. Brown, La.App. 134 So.2d 660.
Of course there is no connection whatever between Mrs. Migaud’s pregnancy and her employment, and when she left on account of pregnancy it cannot be said to have been for a cause connected with her employment.
However we note that the amending act 401 of 1952 added the following sub-section to LSA-R.S. 23:1601:
“(6) If not otherwise disqualified under this Section, (an individual shall be disqualified for benefits) for the twelve weeks prior to the week in which occurs the expected date of birth of a child of that individual and for the six weeks following the week in which the child is born.”
In our opinion this sub-section makes it quite clear that leaving one’s employment because of pregnancy does not disqualify the worker from receiving benefits, except as explicitly provided therein. The very words of the sub-section provide that a pregnant woman shall be disqualified for a given number of weeks beforr and after the week of birth “If not otherwise disqualified under this section * * Therefore the only conclusion available is that the mere fact of pregnancy alone cannot constitute leaving without good cause under sub-section (1) of the statute (LSA-R.S. 23:1601(1)) because that cause for leaving employment is dealt with specifically under sub-section (6), and carries a different penalty. In effect the latter sub-section has taken pregnancy out from under the scope of sub-section (1), at least when the date of leaving employment falls, as it does in this case, within the twelve weeks “prior to the week in which occurs the expected date of birth of a child,” and the application for benefits was not filed until the disqualification under LSA-R.S. 23:-1601(6) had terminated. Any other interpretation would leave the two statutory provisions in conflict.
We do not find any merit in appellant’s contention that the findings of fact by the *866 Appeals Referee are not supported by the evidence.
For the foregoing reasons the judgment appealed from is affirmed, appellant to bear the costs in both courts.
Affirmed.