HARDY, Judge.
This action was instituted by plaintiff-employer, seeking a judicial review and re *581 versal of the determination of the Administrative Agency awarding unemployment compensation. From judgment affirming the findings and the award of the Administrative Agency, the plaintiff has appealed.
The essential facts involved are undisputed. The employee, Mrs. Patricia L. Hanegan was employed by Gulf States Utilities Company on January 25, 1960, at which time she was unmarried. On August 26, 1961, the employee was married, subsequently became pregnant in April of 1962 and her employment with Gulf States was terminated on or about August 24, 1962, at a time when she was approximately five months pregnant. This termination was in accord with a firm policy of the employer requiring such action by employees upon reaching the five-month period of pregnancy. After termination Mrs. Hanegan removed to Monroe to join her husband. She returned to Baton Rouge some six weeks before the birth of her child; remained there for an additional six weeks following the birth and then returned to Monroe where she made her home. No application for re-employment has been made to the former employer, but the employee has been ready, willing and able to accept employment in the Monroe area.
Appellant complains that the lower court erred in concluding that the employee left her employment for good cause and that she was available for work following a reasonable period after the birth of her child.
The sole issue before the court requires a determination as to whether the record of hearings before the Administrative Agency reflects sufficient evidence to support the award of compensation.
On behalf of appellant, counsel urges that pregnancy does not constitute good cause connected with the employment for the termination of such employment. It must be pointed out that there can be no question in the instant case of misconduct, nor is there any violation of statutory regulations. The employee in this case was required to terminate her employment because of the policy of the employer and the rule requiring termination upon expiration of a period of five months following inception of pregnancy. The statute governing unemployment benefits contains a specific provision with respect to disqualification from benefits on the ground of pregnancy. An individual is disqualified for benefits under LSA-R.S. 23:1601(6):
“If not otherwise disqualified under this Section, for the twelve weeks prior to the week in which occurs the expected date of the birth of a child of that individual and for the six weeks following the week in which such child is born.”
Counsel for appellant argues that the principal issue presented in this case should be governed by such judgment as may be rendered by the Supreme Court in the case of Algiers Homestead Association v. Brown, 158 So.2d 863, now pending on writs to the Court of Appeal for the Fourth Circuit. The facts involved in the Algiers case are completely at variance with those which are here under consideration.
There is no showing in this record that the employee was unable or unwilling to continue the performance of the duties of her employment at the time the same was terminated. The separation from her employment was not voluntary but was enforced in accordance with the company policy and its arbitrary rule. It, therefore, cannot be held that the employee is disqualified from receiving benefits because she terminated her employment without good cause.
In brief counsel argues that an employee is obligated to apply to her former employer for re-employment in order to be held available for work, citing LSA-R.S. 23:1600(3), Raborn v. Heard (La.App., 1st Circuit, 1956), 87 So.2d 146; Smith v. Administrator (La.App., 2nd Circuit, 1957), 95 So.2d 349. We do not find the slightest support for counsel’s contention either in the *582 cited section of the statute or the authorities noted. On the contrary, we find no requirement either hy statutory provision or judicial interpretation which would impel an employee to seek re-employment by a former employer as a condition precedent to entitlement to the benefits provided.
It is further contended in the instant case that failure on the part of the employee to apply for jobs advertised in the newspapers disqualifies her from benefits, again citing the same statutory provision and the case of Smith v. Administrator, noted supra. Again we observe that these asserted authorities are inappropriate and we find no support for the contention made either in the statute or the jurisprudence of this State. Under the facts established in this case the employee has complied with the statutory requirements governing availability under the definition of the term as enunciated in Smith v. Administrator, supra.
We find no error in the judgment appealed from, and, accordingly, the same is affirmed at appellant’s cost.