167 So.2d 349 (1964)
246 La. 738
ALGIERS HOMESTEAD ASSOCIATION
v.
Richard E. BROWN, Jr., Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana, and Brenda P. Migaud.
No. 47077.
Supreme Court of Louisiana.
July 1, 1964.
Rehearing Denied October 7, 1964.
*350 Curtis, Foster, Dillon & Huppenbauer, E. E. Huppenbauer, Jr., New Orleans, for plaintiff-appellant.
Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, for defendant-appellee.
HAWTHORNE, Justice.
This case is before us under our supervisory jurisdiction for review of a judgment of the Court of Appeal, Fourth Circuit, affirming a judgment of the district court which awarded to Mrs. Brenda P. Migaud unemployment compensation benefits under the Louisiana Employment Security Law, R.S. 23:1471 et seq. See 158 So.2d 863.
The claimant, Mrs. Migaud, a married woman, who was employed in a clerical position with the Algiers Homestead Association, became ill as a result of pregnancy and left her employment. Her child was born on October 13, 1962, and on December 10 she filed a claim for unemployment compensation benefits. Her claim was denied by the Division of Employment Security of the Department of Labor, hereafter called the "agency", on the ground that she left her position without good cause connected with her employment. At her request her claim was then reviewed by an appeals referee, who concluded after hearing testimony that there were no disqualifying circumstances surrounding the claimant's leaving of the employment. The referee gave no reasons for his conclusion. The Board of Review, which reviewed the case at the instance of the employer, affirmed the decision of the appeals referee, and the employer, Algiers Homestead Association, sought judicial review.
In the judicial proceedings the agency takes the position that the claimant is entitled to unemployment benefits, whereas the employer contends that she is not.
Briefly, the pertinent facts are these: When the claimant became aware of her pregnancy, she discussed with her immediate superior the possibility of being granted a leave of absence, but he was evasive about the matter and would give her no definite answer. According to his testimony, it was understood that she would continue to work until about September 1, 1962. The claimant became ill, however, as a result of her pregnancy on the weekend of August 4, and informed her employer by telephone that on the advice of her doctor she would not report for work on Monday, August 6, or thereafter. As stated previously, her baby was born on October 13, and when she became able to work, she did not apply to the homestead for reemployment because she was waiting to hear from the employer. Her claim for unemployment compensation, which was denied by the agency, was filed on December 10, 1962.
The broad purpose of the unemployment compensation acts which have been adopted by various states is to provide *351 a measure of economic security to those who are unemployed because industry does not provide enough jobs to employ all those available for, and seeking, employment. To accomplish this purpose the states have enacted varied disqualification provisions which will in their opinion insure that unemployment compensation payments will be received only by workers who are unemployed primarily as a result of economic causes. Stated another way, their purpose is to make sure that compensation is not paid to those who choose not to work, that the compensation law does not encourage idleness, and that it does not weaken the willingness of the individual to provide for himself through employment.
Our statute sets out in R.S. 23:1601 various grounds under which a claimant is disqualified for benefits, and the provision pertinent to this case reads as follows:
"An individual shall be disqualified for benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *"
This subsection provides in plain language that an indivdual is disqualified for benefits if he leaves his employment without good cause connected with his employment. In the instant case certainly the claimant had good cause for leaving her employmentabout this there could be no dispute, but this good cause was in no way connected with her employment. To hold that she was entitled to unemployment benefits under the facts of this case the court would have to disregard the plain language of the statute and rewrite the law under the guise of interpreting it. In other words, the court would have to read out of the statute the words "connected with his employment"words which the Legislature specifically incorporated into the statute by amendment in 1952.
Prior to the 1952 amendment an individual was ineligible for benefits if he voluntarily left his work without good cause;[1] but the 1952 amendment (Act 401 of 1952), as pointed out by the Court of Appeal in Sheffield v. Heard, Administrator, La.App., 92 So.2d 295, restricted and limited the employee's "good cause" to causes "connected with his employment". The Court of Appeal in that case correctly said: "The aforesaid amendment of 1952 evidences clearly a legislative intent that for one to be entitled to unemployment compensation benefits, the severance of his employment must have been for some cause connected with his employment."
In the instant case the Court of Appeal conceded that the claimant left her employment for a cause not connected with her employment, R.S. 23:1601(1), but concluded that this disqualification did not apply to her in view of the provisions of R.S. 23:1601(6), which deals specifically with disqualification of pregnant women and reads:
"An individual shall be disqualified for benefits:
"* * *
"(6) If not otherwise disqualified under this Section, for the twelve weeks prior to the week in which occurs the expected date of birth of a child of that individual and for the six weeks following the week in which such child is born."
It was the view of the Court of Appeal that Subsection (6) had the effect of taking pregnancy out of the scope of Subsection (1), and that any other interpretation would leave these two statutory provisions in conflict.
We do not think there is any conflict between these two provisions, nor do we think Subsection (6) has taken pregnancy out of the scope of Subsection (1). This is perfectly evident because Subsection (6) itself provides that the period of *352 disqualification for benefits on account of pregnancy is applicable only if the woman is "not otherwise disqualified under this Section"; and as we have pointed out, the claimant here is "otherwise disqualified" under the plain provisions of Subsection (1), not having left her employment for good cause connected with her employment. Thus a pregnant woman may be eligible under the act to receive unemployment compensation benefits, and in fact may be actually receiving them; but the lawmaker has fixed a period of time, just before and just after the birth of the child, in which these benefits will not be paid, evidently because the woman for the period so fixed is not available for employment. In other words, the purpose of Subsection (6) is to withhold benefits from a pregnant woman during a fixed period of time during her pregnancy.
Subsection (6) is without application to the facts of this case, and in fact the agency itself in argument before this court concedes this to be true. Its most serious contention is that there was no disqualification for benefits because the claimant here was in good faith in attempting to maintain her employment relationship. In other words, the agency says that the claimant requested leave of absence and was entitled to an answer, which was never definitely given, and that under these circumstances she did all a reasonable person could. But, regardless of her good faith and her desire to obtain a leave, she was not successful in protecting her employment.
In the course of its opinion the Court of Appeal said it was of the belief that the claimant was entitled to receive a leave of absence and that her request for this leave was sufficient. As to this, we feel that the matter of granting the claimant a maternity leave of absence was one wholly within the discretion and control of the employer, and that her mere request for leave, not acceded to by the employer, did not operate to confer such a leave.
For the reasons assigned the claimant, Mrs. Brenda P. Migaud, is hereby declared to be disqualified for unemployment compensation benefits. The judgment of the Court of Appeal, Fourth Circuit, affirming the judgment of the district court awarding such benefits is therefore annulled and set aside, and the decision of the appeals referee and the Board of Review of the Division of Employment Security of the Louisiana Department of Labor is likewise annulled and set aside.
HAMITER and HAMLIN, JJ., dissent, being of the opinion that the judgment of the Court of Appeal is correct.
SANDERS, J., concurs in the result.
Rehearing denied.
FOURNET, C.J., HAMITER, J., and HAMLIN, J., are of the opinion a rehearing should be granted.
NOTES
[1] The statute was further amended by Act 704 of 1954, by which the word "voluntary" was deleted.