TATE, Judge.
An administrative tribunal found the plaintiff to be disqualified for unemployment compensation benefits because she had resigned from her job for personal reasons. By the present proceedings, the claimant seeks judicial review of this administrative determination.
Reversing the agency determination, the District Court held that the claimant was entitled to unemployment compensation. The claimant’s employer and the Administrator appeal.
The administrative tribunal rejected the plaintiff’s claim by reasons of LSA-R.S. 23:1601(1), which provides: “An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment without good cause connected with employment. * * * ”
The claimant left her employment with the intent of moving permanently to Oklahoma, because of its more favorable climate insofar as respiratory ailments of members of her family were concerned. The claimant so informed her employer when her annual two-week vacation period arrived.
Plowever, after a visit to Oklahoma, the claimant and her family decided they could not make the move for economic reasons, and so the claimant returned to Louisiana and asked for her old job back before the expiration of what would have been her two-week vacation period. The employer refused, due to a reduction in force.
Insofar as the claimant’s able counsel contends that the claimant did not actually resign before she left for Oklahoma, we think the evidence of the employer’s representative at the agency hearing, as well as the admissions and pleadings of the claimant herself, clearly and unequivocally do show that she did resign at the time she picked up her vacation pay. If the evidence be regarded as conflicting, the administrative determination of fact that she voluntarily and fully resigned from her employment is binding on the courts, since there is sufficient evidence to support same. LSA-R.S. 23:1634; Turner v. Brown, La.App. 3 Cir., 155 So.2d 276.
Thus the findings of fact show that the claimant resigned from her employment for personal reasons — i. e., in order to move to Oklahoma for her family’s health. Under the jurisprudence, an employee is disqualified for unemployment benefits when he resigns for personal reasons, such as family transfers or health problems which are not job-connected — for then, in the terms of the statute, “he has left his *316 employment without good cause connected with his employment.” LSA-R.S. 23:1601 (1). Algiers Homestead Ass’n v. Brown, La., 167 So.2d 349 (rendered July 1, 1964), reversing La.App., 158 So.2d 863; Gladson v. Brown, La.App., 3 Cir., 134 So.2d 660; Baker v. Sharp, La.App. 1 Cir., 110 So.2d 209; Sheffield v. Heard, La.App. 2 Cir., 92 So.2d 295.
In reversing the agency determination of disqualification, the trial court apparently relied upon Lacombe v. Sharp, La.App. 2 Cir., 99 So.2d 387. Therein, an employee had been granted a leave of absence due to family illness, but found she had been replaced when she attempted to return to work. The decision held that she could not be disqualified as having been “discharged for misconduct connected with * * * employment,” LSA-R.S. 23:1601(2).
The Lacombe decision is not applicable to the present facts. There, the employer gave the employee a leave of absence. The question of law before the court was whether the employee’s delay in returning from the leave without first notifying her employer, constituted such misconduct as would disqualify her from compensation benefits. The court held that such delay did not constitute willful misconduct within the meaning of the disqualification statute.
In the present case, however, the employee did not obtain a leave of absence— she resigned from her job and thus completely terminated the employment relationship voluntarily. Since she resigned for personal reasons, the courts must enforce the statutory disqualification barring benefits to employees- who terminate their employment for reasons not job-connected.
We must therefore reverse the District Court’s judgment holding that the claimant is entitled to unemployment compensation. Accordingly, the claimant’s suit is dismissed.
Reversed and rendered.