BOLIN, Judge.
Defendant appeals from a judgment denying unemployment compensation benefits to Yvonne B. Silman. Case No. 10,542, 188 So.2d 159 was consolidated with the instant case both for trial and on appeal. These cases involve identical factual situations and the ruling in each case was identical, therefore, reference will be made to both in this opinion.
The record reflects Yvonne B. Silman and Mary A. Waggoner, while employed by Olin Mathieson Chemical Corporation, both became pregnant. Following their fourth month of pregnancy they were placed on maternity leave in accordance with the provisions of a labor agreement entered into between claimants’ union and their employer which provides in part as follows:
“(d) All employees who become pregnant shall give written notice of such fact to the Company by the end of the third month of pregnancy, and no employee shall work after the fourth month of her pregnancy. Failure to give such written notice within the prescribed time will be deemed sufficient cause for discharge. Employees giving proper and valid notice will be granted a maternity leave of absence. An employee on maternity leave shall not be permitted to return to work within forty-five (45) days of the date of the termination of her pregnancy. If an employee on maternity leave does not return to work for any reason within twelve (12) months of her departure from work, she shall be conclusively presumed to have left the employ of the Company.”
Within a few days after being placed on maternity leave each party filed a claim for unemployment benefits. Both claimants were initially disqualified by the agency upon a determination that they had left their employment without good cause connected with their employment. These rulings were reversed by the Appeals Referee and the Louisiana Board of Review likewise found for claimants. On appeal to *158 the district court the decree of the Board of Review was reversed and the employees were held not entitled to unemployment benefits. From these judgments defendant agency appeals.
Louisiana Revised Statutes 23:1601 (1) provides:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * * a
We think the recent case of Algiers Homestead Association v. Brown, Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, 246 La. 738, 167 So.2d 349 (1964) is controlling. In that case the Supreme Court squarely held that leaving employment due to pregnancy is not good cause connected with the employment. In commenting upon the proper interpretation to be given that portion of the Louisiana Revised Statutes quoted hereinabove, the Court had this to say:
“This subsection provides in plain language that an individual is disqualified for benefits if he leaves his employment without good cause connected with his employment. In the instant case certainly the claimant had good cause for leaving her employment — about this there could no dispute — , hut this good cause was in no way connected with her employment. To hold that she was entitled to unemployment benefits under the facts of this case -the court would have to disregard the plain language of the statute and rewrite the law under the guise of interpreting it. In other words, the court would have to read out of the statute the words ‘connected with - his employment’ — words which the Legislature specifically incorporated into the statute by amendment in 1952.” (Emphasis supplied by the original decree.)
The sole issue in these consolidated cases is whether the claimants took their temporary leaves of absence with or without good cause connected with their employment. The underlying and basic cause for claimants being severed from their employment was their pregnancy. The pertinent provision of the labor agreement requiring a female employee to be placed on maternity leave takes effect only after an employee has been pregnant for a period of four months. This provision is part of a bilateral contract voluntarily entered into for the protection and benefit of employees in order that their employment will be safeguarded.
The Algiers case has held that becoming pregnant is not “job connected.” Mrs. Silman and Mrs. Waggoner were responsible for their pregnancies by their voluntary and private actions unconnected with their employment. Consequently, they are disqualified from receiving unemployment benefits for the reason they left their employment without good cause connected with their employment.
For the reasons assigned the judgment appealed is affirmed.
Affirmed.