ON REHEARING
GLADNEY, Judge.
This court in its original opinion held Algiers Homestead Association v. Brown, Administrator of Division of Employment Security of Department of Labor of State of Louisiana, 246 La. 738, 167 So.2d 349 (1964) is controlling herein and plaintiff s-appellants are disqualified from receiving unemployment compensation benefits under LSA-R.S. 23:1471 et seq.‘ This rehearing was granted in order to give consideration to the contention of appellants that the instant cases involve facts and circumstances which are different from those present in the Algiers case, and justify a different conclusion.
It is urged that in the Algiers case the employee, Mrs. Migaud, quit her job due to illness directly resulting from her preg *159 nancy and that there was no agreement between the employee and her employer with respect to the granting or denying of maternity leave. In the case at bar it is asserted there was a contract in existence between the employer and the union, of which claimant was a member, under the terms of which claimant was required to take a leave of absence at four months pregnancy. It is further argued that the decision of this court in Gulf States Utilities Company v. Brown, Administrator, La.App., 165 So.2d 580 (2nd Cir. 1964) should be followed herein. Therein it was held that the separation of the employee from her employment was not voluntary but was enforced in accordance with a company policy and arbitrary rule, and in consequence thereof the employee was held not to be disqualified from receiving benefits because she terminated her employment with good cause. The Supreme Court in Algiers made the following observation which we deem particularly appropriate:
“Prior to the 1952 amendment an individual was ineligible for benefits if he voluntarily left his work without good cause; but the 1952 amendment (Act 401 of 1952), as pointed out by the Court of Appeal in Sheffield v. Heard, Administrator, La.App., 92 So.2d 295, restricted and limited the employee’s 'good cause’ to causes 'connected with his employment’. The Court of Appeal in that case correctly said: ‘The aforesaid amendment of 1952 evidences clearly a legislative intent that for one to be entitled to unemployment compensation benefits, the severance of his employment must have been for some cause connected with his employment.’ ” 167 So.2d 349, 351.
The author of the Supreme Court opinion then proceeds to point out that although the lawmaker has fixed a period of time just before and just after the birth of the child in which benefits will not be paid, the question of a maternity leave of absence is one wholly within the discretion of the employer. As pointed out in our original opinion, the underlying and basic cause for claimants temporarily leaving their employment was their pregnancy and the Supreme Court in Algiers has clearly stated that this cause is not connected with the employment. The employer-union contract which provides for a leave of absence for a pregnant employee is not in conflict with the statutory provisions of the Louisiana Employment Security law. Whether or not employees leave their employment voluntarily or by reason of requirement of an employer-union contract is not determinative of the issue, for, as held in Algiers, pregnancy may not be considered “ * * * cause connected with * * * employment. * * * ”
Re-examination of our original decree has confirmed the correctness of the views stated herein, and accordingly, it is reinstated and made the judgment of the court.