ELLIS, Judge.
This is an appeal from a judgment upholding the decision of the Board of Review of the Division of Employment Security of the Department of Labor, State of Louisiana, by virtue of which defendant, Josephine S. Tullier, was found not to be disqualified from receiving unemployment compensation benefits.
Mrs. Tullier was employed by plaintiff as an operator in I laquemine, Louisiana. She became pregnant and applied for, and was granted, leave of absence from April 23, 1965, to April 22, 1966. Her expected date of confinement was June 23, 1965, and the leave was asked for and granted pursuant to the following provision of Section 6.01 of the collective bargaining agreement between Southern Bell and the Communications Workers of America, which was, by its terms, binding on both Southern Bell and Mrs. Tullier:
In all maternity cases the employee shall present to the Company not later than the end of the fifth month of pregnancy a doctor’s certificate stating the probable date of confinement. After the presentation of such certificate the Company shall grant the employee’s request for a leave of absence if the leave is to begin not later than 60 days prior to the probable date of confinement. If the employee fails to request such a leave, the Company shall place the employee on a six months leave of absence to begin 60 days prior to the probable date of confinement.
Mrs. Tullier’s baby was delivered on June 21, 1965, and she was found able to return to work by her doctor on August 21, 1965. On August 8, 1965, she applied to Mrs. Able, Southern Bell’s chief operator in Plaque-mine, Louisiana, for re-employment, which was denied her because there was no work available at the time.
She applied for unemployment compensation on August 10, 1965; and was determined to be eligible for benefits on August 25, 1965. This determination has been sustained by the appeals referee, the Board of Review, and the trial court; and it is the latter judgment which has been appealed to this Court by Southern Bell.
It is the position of Southern Bell that Mrs. Tullier left work for a good cause, but that this cause was not connected with her *171 employment within the meaning of R.S. 23:1601(1), which provides as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment.”
The Board of Review and the appeals referee both found that Mrs. Tullier left her employment because of company policy and not because of her pregnancy, apparently basing their conclusion on the language of the collective bargaining agreement above referred to.
None of the facts of the case are in dispute, and we are faced with a question of law.
There can be no question that pregnancy is good cause for leaving one’s employment. However, the courts of this state have consistently held that pregnancy is not good cause connected with employment. Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964); Olin Mathiesen Chemical Corporation v. Brown, 188 So.2d 157 (La.App. 2, 1966).
The Olin Mathiesen case is squarely in point with this case on the facts, in that there existed a labor agreement between the employer and the claimants’ union which prescribed the circumstances under which claimants would be granted leave of absence in the event of pregnancy.
In the Algiers Homestead case, the claimant became ill as the result of her pregnancy and was unable to continue her work.
In both of those cases, the courts found that the pregnancy was the underlying, if not the immediate cause of leaving the employment, and that it was in no way connected with the employment, and the claimants were found to be disqualified to receive benefits.
We believe this conclusion to be eminent- , ly correct in both cases. A labor agreement is certainly not “company policy” within the meaning of the court in Gulf States Utilities Company v. Brown, 165 So.2d 580 (La.App. 2, 1964), which case is somewhat similar to the instant case, except that there was no labor agreement in effect. Further, the result reached in that case is not consistent with the pronouncements of the Supreme Court in the subsequently decided Algiers Homestead case, supra.
Neither do we consider pregnancy to be an “illness”. Rather, it is a voluntary condition, or if not voluntary, the clearly foreseeable, though not meritable, result of a voluntary act.
The case of St. Joe Paper Company v. Gautreaux, 180 So.2d 668 (Fla.App.1965)., a Florida case, which is relied on by ap-pellees, is inapposite to the instant case, as-are the cases cited therein. Those cases deal with involuntary retirement and. not with pregnancy.
It is finally contended that the labor agreement herein constitutes a waiver of rights under the Employment Security Act which would otherwise be available to claimant herein. In view of our finding that the pregnancy and not the labor agreement is the cause of leaving the employment, this contention is not appropriate to. the case.
For the above and foregoing reasons', we are of the opinion that the judgment appealed from is incorrect, and it is reversed. There will be judgment herein declaring the claimant, Mrs. Josephine Tullier, to be disqualified for unemployment compensation benefits, and declaring that the judgment appealed from and the decisions of the appeals referee and the Board of Review of the Division of Employment Security of the Department of Labor of the State of Louisiana be annulled and set aside, appel-lees to be liable for all costs for which they may be legally cast. '
Reversed and rendered.