AYRES, Judge.
This appeal by claimant is from a judgment affirming a decision of the Louisiana Board of Review for the Division of Employment Security, Department of Labor, State of Louisiana, rejecting claimant’s application for unemployment benefits under a disqualifying clause of the Louisiana Em-' ployment Security Law, LSA-R.S. 23:1471 et seq.
The statute provides:
"An individual shall be disqualified from benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment.”
LSA-R.S. 23:1601.
Claimant, employed as a mechanic by a local garage for approximately five months, left his employment September 17, 1964, because of pain in his back and a feeling on his part of his inability to continue to perform the duties of his employment. On reporting to a physician the following day, it was found, after examination, that claimant had arthritis of the spine. However, there is no showing that this condition was brought about, worsened, or aggravated by claimant’s employment.
 The rule is that for a claimant to be entitled to unemployment benefits under the statute, he must not only have left his employment for good cause but that such cause must be connected with his employment. Walker v. Brown (La.App.) 160 So.2d 258 (2d Cir. 1964—writs refused) ; McGinnis v. Moreau (La.App.) 149 So.2d 188 (3d Cir. 1963) ; Flournoy v. Brown (La.App.) 140 So.2d 729 (3d Cir. 1962). Thus, even if one leaves his employment for good cause, if such cause is not connected with his employment, a disqualification must be assessed. Hargrove v. Brown, 247 La. 689, 174 So.2d 120 (1965); Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964); Sheffield v. Heard (La.App.) 92 So.2d 295 (2d Cir. 1957).
The record, as indicated above, is barren of any showing of causal connection between claimant’s employment and his disabling physical condition.
Claimant cites and relies upon the case of Spruell v. Administrator of Division of Employment Sec. of Dept. of Labor (La.App.) 158 So.2d 364 (2d Cir. 1963), in support of his position. We do not find that this case is appropriate to the facts of the instant case. There it was found that the claimant had been forced to discontinue her employment because of a physical condition directly attributable to her employment. The situation is comparable to that presented in Gladson v. Brown (La.App.) 134 So.2d 660 (3d Cir. 1961), where it was held that an employee, who did not return to work because he was hospitalized for over two months due to an injury sustained while off duty, was disqualified for unemployment compensation benefits since the *395 reason he left his work was not connected with his employment.
The principle is, however, recognized that a workman who quits his employment because of a disabling on-the-job injury is held not to be disqualified without good cause connected therewith. Walker v. Brown, supra; Broussard v. Administrator, Division of Employ. Sec. (La.App.) 121 So.2d 268 (1st Cir. 1960).
This rule, however, is without application in the present case. The condition for which the employee left his work was not connected with his employment.
We are impelled, therefore, to uphold the conclusion reached by the Louisiana Board of Review, as well as that of the trial court, that claimant left his work without good cause connected with his employment.
The judgment appealed is accordingly affirmed.
Affirmed.