HOOD, Judge.
This matter is before us on appeal by the Administrator of the Division of Employment Security from a judgment of the Fifteenth Judicial District Court denying unemployment benefits to Mrs. Patricia B. Broussard.
Mrs. Broussard had been an employee of Southern Bell Telephone and Telegraph Company for about nine years immediately prior to February 22, 1966. On the last mentioned date she was granted a leave of absence due to her condition of pregnancy, and a child was born to her eleven days *751 later. On September 23, 1966, she returned to her place of employment but was not restored to duty for the reason that the emr ployer did not have need for her services at that time.
A claim for unemployment compensation benefits was then filed by Mrs. Broussard with the appropriate area office of the Division of Employment Security. An initial administrative determination was issued, holding that claimant was disqualified for benefits under LSA-R.S. 23:1601(1), because she had left her employment for personal reasons not connected with her employment.
The claimant appealed timely to the Appeals Referee, who affirmed the initial determination. She then filed an appeal to the Louisiana Board of Review. The Board reversed the ruling of the Referee, holding that claimant had not left her employment, but that she had been laid off for lack of work. Southern Bell filed a petition for judicial review with the district court, and after a hearing judgment was rendered by that court reversing the ruling of the Board and reinstating the disqualification. This appeal was taken from the last mentioned judgment.
At the time the leave of absence was granted to Mrs. Broussard, a collective bargaining agreement was in effect between Southern Bell and the Communications Workers of America. Under the provisions of that agreement an employee of Southern Bell is required to take a leave of absence at her seventh month of pregnancy. When the employee is physically able to return to work after the birth of the child, the employer is required to restore her to her job “only if the company has work available and on the basis of seniority.”
The Louisiana Employment Security Law provides that “An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment without good cause connected with his employment.” (LSA-R.S. 23:1601).
The defendant Administrator contends, first, that Mrs. Broussard did not leave her employment within the meaning of LSA-R.S. 23:1601. It is argued that the word “left,” appearing in the above quoted section of the statute, connotes a complete severance of the employer-employee relationship, where the employee was in a position to either leave or stay at her discretion. In this instance, appellant argues, the employee could not exercise her own discretion as to whether to leave or to stay, and thus she cannot be held to have left the employment. We find no merit to this argument. As Southern Bell points out, it is inconsistent to argue that Mrs. Broussard is entitled to unemployment compensation benefits, and at the same time to take the position that she has never become unemployed. LSA-R.S. 23:1472 (12) defines “employment” as being “any service including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied.” After Mrs. Broussard took her leave of absence she no longer performed any service for Southern Bell, so her “employment” obviously was terminated. We think she “left” her employment within the meaning of LSA-R.S. 23:1601(1).
Appellant contends alternatively, in the event we determine that Mrs. Broussard actually left her employment, that “she did so for a good cause, and a cause connected with her employment.” He points out that when she reached her seventh month of pregnancy she was required by the collective bargaining agreement to go on leave, regardless of her ability or desire to remain on the job. It is argued, therefore, that it was the contract, and not the pregnancy per se, which brought out the cessation of the employment, that the collective bargaining agreement was a contract of employment, and that her leaving thus was connected with her employment.
This issue has been presented to the appellate courts of this state before, and on each occasion it has been held that pregnancy constitutes a “good cause” for leaving the employment, but that it is not a cause “connected with the employment.” Algiers Homestead Association v. Brown, *752 246 La. 738, 167 So.2d 349 (1964); Southern Bell T. & T. Co. v. Administrator, Div. of E. S. & Josephine Tullier, 197 So.2d 169 (La.App. 1st Cir. 1969); and Olin Mathieson Chemical Corporation v. Brown, 188 So.2d 159 (La.App.2d Cir. 1966).
The appellant attempts to distinguish the instant suit from Algiers Homestead Association v. Brown, supra, on the ground that the facts and circumstances presented there were different than those which exist in this case. He concedes that the position which he takes here is in conflict with the decision rendered by the First Circuit Court of Appeal in the Tullier case, but he argues that “the Tullier case, supra, represents an improper application and interpretation of the Employment Security Law.”
We think the judgment appealed from is in accord with the cited cases, and that the position taken by appellant here is in conflict with the decisions which were rendered in all three of those cases. The issues determined in the Tullier case and in the Olin Mathieson Chemical Corporation case are identical to those which are before us now. In each of those cases it was held that the pregnancy, and not the labor agreement, was the cause of the employee’s leaving the employment, that the leaving was in no way connected with the employment, and that the claimants thus were disqualified to receive benefits. We agree with the holdings in each of those cases, and we thus conclude that in the instant suit Mrs. Broussard left her employment for reasons not connected with her employment.
Appellant’s final argument is that if the collective bargaining agreement should be interpreted in such a manner as to disallow compensation benefits to Mrs. Broussard, then such an interpretation would be void under LSA-R.S. 23:1691, which prohibits waiver of rights of benefits under the statutes. We have determined, however, that the pregnancy, and not the bargaining agreement, was the cause of the disqualification for benefits, so the argument of appellant is without merit.
For the reasons herein assigned the judgment appealed from is affirmed.
Affirmed.