AYRES, Judge
(dissenting):
Mrs. Minnie C. Middleton, an employee of Southern Bell Telephone and Telegraph Company, with ten years’ seniority as an operator, was, by mutual agreement between her and her employer, granted a leave of absence from her employment. Upon expiration of the leave, Mrs. Middleton reported for work and was informed work was no longer available.
The employer seeks to have this employee disqualified to receive unemployment compensation under LSA-R.S. 23 :- 1601(1) which, in part, provides:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment.”
Claimant seeks employment benefits for a period of time’ from and after the termination of her employment effected when she returned for work and was in fact discharged because there was no longer work available for her to do.
The disqualifying feature of the statute [LSA-R.S. 23:1601(1)], that the employee "has left his employment without good cause connected with his employment,” has reference to a termination of the employ *926 ment, a complete and permanent severance of the employer-employee relationship rather than to a mere temporary suspension of work by the employee through the mutual consent of the employer and the employee.
“Leave” is defined as “Liberty granted by which restraint or illegality is removed; permission; allowance; license; specif., leave of absence, as from military duty.” Webster’s New International Dictionary, Second Edition.
By the same authority, “furlough” is defined :
“Leave of absence; esp., leave given to a soldier or, sometimes, a government official or employee, to be absent from service for a certain time; * * * ”
Thus, the term “leave of absence” connotes continuity of the employment status. Southwestern Bell Telephone Co. v. Thornbrough, 232 Ark. 929, 341 S.W.2d 1, 3 (1960); Bowers v. American Bridge Co., 43 N.J.Super. 48, 127 A.2d 580 (1956); Diehl v. Lehigh Valley R. Co., 3 Civ., 211 F.2d 95 (1954); State ex rel. Cutright v. Akron Civil Service Commission, 95 Ohio App. 385, 120 N.E.2d 127 (1953); Ward v. Keenan, 3 N.J. 298, 70 A.2d 77 (1949). One’s employment, therefore, is not terminated by a leave of absence mutually agreed upon by the employer and the employee. He is only temporarily excused from the performance of his duties.
The basic reason for which a leave is granted through the mutual consent of the employer and the employee is immaterial. The language of paragraph (1) of the statute referred to and quoted above has general application and covers all leaves of absence, whatever the underlying cause. The leave is within the general application of the statute, whether the cause be for vacation purposes to enable an employee to transact some personal business, from illness or death in the employee’s family, or because of pregnancy, as was the case here. The principle involved is the same in all instances.
A rule well- established in the jurisprudence of this State is that a meaning will not be imputed to a statute that would lead to an absurd result or consequence, or that would extend the statute to a situation never intended by the Legislature. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, 600 (1963); City of New Orleans v. Leeco, Inc., 226 La. 335, 76 So.2d 387 (1954); Smith v. Town of Vinton, 209 La. 587, 25 So.2d 237 (1946); Thompson v. Pest Control Commission, 75 So.2d 406 (La.App., 1st Cir. 195-1—writ denied).
If an employer may grant a leave to an employee for a day, a week, a month, or longer, and refuse him work at the termination of his leave and thereby disqualify him for unemployment compensation, similar action may. be taken with reference to all its employees. Such an interpretation would clearly lead to a result not contemplated or intended by the Legislature and would defeat the purpose of the statute as social and economic legislation, the benefits of which were intended to be extended so far as possible within the limits imposed by expressed restriction.
It is unrealistic to say, when an employee is granted a leave of absence for a limited period, he voluntarily terminates his employment by taking such leave. It is equally unrealistic to say that, by accepting the leave, he has been disqualified for the benefits conferred by the statute.
In the construction of a statute, all of its parts, provisions, or sections must be read together and each considered with respect to or in the light of all other provisions, so that, where possible, each provision will be in harmony with the whole, and so that no part will be rendered superfluous or meaningless. In applying this principle, it. becomes sufficiently clear, in reading paragraphs (1) and (6) of the statute (LSA-R.S. 23:1601) together, there was no intent that a leave of absence because of pregnancy would effect, or re- *927 suit in, a termination of the employment, for the latter paragraph provides:
“An individual shall be disqualified for benefits:
“(6) If not otherwise disqualified under this Section [that is, disqualified for some reason other than pregnancyj, for the twelve weeks prior to the week in which occurs the expected date of birth of a child of that individual and for the six weeks following the week in which such child is born.” (Emphasis supplied.)
The issue presented here appears to be res nova in this State. Olin Mathieson Chemical Corporation v. Brown, 188 So.2d 157 (La.App., 2d Cir. 1966), is readily distinguishable from the instant case because there unemployment benefits were claimed for the period the employee was on voluntary leave. Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964), is also distinguishable from the instant case in that the employee there was never granted a leave of any kind. There the court stated:
“In the course of its opinion the Court of Appeal said it was of the belief that the claimant was entitled to receive a leave of absence and that her request for this leave was sufficient. As to this, we feel that the matter of granting the claimant a maternity leave of absence was one wholly within the discretion and control of the employer, and that her mere request for leave, not acceded to by the employer, did not operate to confer such a leave.”
The decision in Southern Bell T. & T. Co. v. Administrator, Div. of E. S., 197 So.2d 169 (La.App., 1st Cir. 1967), was primarily based upon obiter dicta contained in the Olin Mathieson case wherein the determination made was that an employee was disqualified for unemployment compensation for the period of the employee’s leave.
Claimant’s disqualification for benefits for a period beyond the term of the leave is not, in my opinion, authorized by the statute. As already pointed out, benefits are claimed in this instance only from, and after the time the employer dispensed with the employee’s services because work was no longer available. She was therefore and thereafter involuntarily unemployed. The decision of the Board of Review that claimant is entitled to the benefits of the statute from and after the date the employer terminated her services is, in my opinion, clearly correct.
For these reasons, I most respectfully dissent.
Rehearing denied.
AYRES, J., dissents from refusal to grant.