WILLIAMS, Judge.
Plaintiff-appellant, Mary C. Grape, instituted this action seeking judicial review and reversal of the ruling of the Louisiana Board of Review of the Division of Employment Security which denied her claim for unemployment compensation. From a judgment affirming the decision of this administrative agency, plaintiff has appealed.
The pertinent facts are not in dispute. Plaintiff was employed as a key punch operator by Southwestern Electric Power Company and when hired on January 24, 1966 was then married. In January, 1968 plaintiff notified her employer that she was pregnant and expected her baby on July 16, 1968. She was then advised the company’s policy was that “expectant mothers must terminate employment with the company no later than the end of the 150th day of pregnancy * * * No leaves of absence will be granted.”
Mrs. Grape testified that the referee accepted as a fact that she did not know of this company policy until she gave notice of her pregnancy. After being so advised plaintiff presented her supervisor with a letter from her doctor stating that “she should be able to work through her seventh month which would be about May 16th.” However, she was advised by her supervisor that her request to work beyond March 15, 1968, her 150th day of pregnancy, was denied and she would have to leave her job on that date and, further, that no leave of absence would be granted to her in line with the policy of the company.
Plaintiff testified she was ready, willing and able to continue working through May 16, 1968. Despite her willingness to continue she was notified that her job was terminated on March 15, 1968. On March 17, 1968 plaintiff made application to the Louisiana Division of Employment Security for unemployment compensation.
In due course this application was denied, based on a determination that plaintiff’s separation from her employment was the result of her pregnancy; that such a reason was not attributable to her work, and therefore, her leaving was not for a good cause connected with her employment. The Appeals Referee, the Board of Review and the trial court affirmed this denial. In reaching this decision the cases of Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1946) and Olin Mathieson Chemical Corporation v. Brown, 188 So.2d 157 (La.App.2d Cir. 1966) were cited and relied on as controlling.
*665 Plaintiff complains that the trial court erred in concluding that she left her employment without good cause. The Algiers case and the Olin Mathieson case are distinguished from the instant one. In Algiers the claimant became ill as a result of her pregnancy and on the advice of her doctor voluntarily terminated her employment. In the Olin Mathieson case the claimant was placed on maternity leave in accordance with the provisions of a labor agreement entered into between claimant’s union and her employer. In the instant case plaintiff’s termination of her employment was not voluntary. Plaintiff’s statement leaves no doubt about this: “So I had no choice but to leave, cause they took my job away * * *” Nor was there any collective bargaining ' agreement by plaintiff or on her behalf with her employer. The evidence is that plaintiff was not aware of the company’s rule on pregnancy until she gave notice of her condition. At that time plaintiff was advised for the first time that no leave of absence would be granted.
The evidence shows that plaintiff was able and willing to continue the performance of the duties of her employment at the time same was terminated. Her work was satisfactory. The sole reason for ending her employment was the company’s policy. It was the enforcement of this inflexible rule, not plaintiff’s pregnancy, which terminated her employment. It therefore follows that the holding that plaintiff is disqualified from receiving benefits because she terminated her employment without good cause has no foundation in fact or law applicable to this case. For a similar case see Gulf States Utilities Company v. Brown, 165 So.2d 580 (La. App.2d Cir.1964).
The Legislature of this state has recognized that this is the correct rule by the recent amendment of LSA-R.S. 23:1601 (6) (b) in 1968.[1] Counsel for the Administrator of the Department of Employment Security, one of the original defendants, has filed a brief in this court. The unusual aspect of this brief is that counsel supports plaintiff’s contentions and urges that the trial court’s judgment be reversed.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and the case is accordingly remanded to the Board of Review, Division of Employment Security of the Department of Labor of the State of Louisiana, which agency is hereby ordered and directed to recognize claimant’s eligibility to unemployment compensation benefits under the provisions of the Louisiana Employment Security Law and to cause payment to be made to claimant in accordance with said law.
Reversed and remanded.

. * * * * *
“(b) Subject to the limitations of Paragraph (a) of this Sub-seetion, no individual (who meets the requirements of R.S. 23:1600) who has been required to leave her employment, either by contract or otherwise, on account of pregnancy, shall bo disqualified from benefits because of such leaving. Amended by Acts of 1968, No. 420, § 1.”
*****