PRESTON H. HUFFT, Judge Pro Tem.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. LSA-R.S. 23:1634.
Appellant, Henry Roy Campbell, was employed for slightly more than one year as a production supervisor for appellee, Turn-bull Cone Bakery of Louisiana (hereinafter “Turnbull”). Appellant’s last day of work for Turnbull was Friday, April 8,1983. On Sunday April 10,1983, appellant suffered a heart attack and was hospitalized. After being notified of appellant’s hospitalization, Turnbull granted him a leave of absence.
In June, 1983, appellant requested that he be allowed to return to work for Turn-bull because he was no longer under his doctor’s care. Appellant was informed *414 that before he could return to work at Turnbull he had to obtain a medical release from the company’s doctor. Turnbull scheduled an appointment for appellant to see its doctor at its expense on July 12, 1983. Appellant did not appear for the scheduled appointment. Turnbull attempted to reschedule the appointment for appellant on July 14, but Turnbull was unable to contact appellant by telephone to confirm the rescheduling. Appellant did not call Turnbull to inquire about rescheduling the appointment.
On July 15,1983, appellant was terminated by Turnbull because of medical reasons not connected with his employment and because of his failure to cooperate with Turnbull in obtaining a medical release from Turnbull’s doctor. It is alleged in Turnbull’s Answer, Trial Memorandum and Appellate Brief that appellant suffered a heart attack on July 19, 1983, four days after his termination from Turnbull and while employed by and on the job for Sunrise Bakery. Although we find it curious that there was no testimony or evidence offered by Turnbull regarding appellant’s employment with Sunrise Bakery, it is undisputed that on July 20, 1983 and July 29, 1983, appellant’s treating physician signed certificates verifying appellant’s inability to return to work.
On November 20, 1983, appellant applied for unemployment compensation benefits with the Louisiana Department of Labor, Office of Employment Security (hereinafter “Agency”). The Agency denied appellant’s claim, finding that he left his employment for personal reasons and without good cause connected with his employment. Therefore, appellant was found to be disqualified from receiving benefits effective April 9, 1983, under LSA-R.S. 23:1601(1). Appellant appealed the disqualification to the Agency’s Appeal Tribunal, and a hearing was conducted on January 10, 1984. At the hearing, appellant appeared on his own behalf and Turnbull was represented by its production manager.
The Appeals Referee affirmed the Agency determination, but changed the effective date of disqualification to April 8, 1983. Under the designation “Opinion”, the Appeals Referee stated as follows:
The facts show that the claimant left employment because of medical reasons. There is no evidence to show that the medical condition was neither [sic] caused or aggravated or worsened by the employment. It is concluded that he left employment for personal reasons and without good cause connected with the employment.”
Appellant applied for review of the decision of the Appeals Referee to the Agency’s Board of Review which, on March 2, 1984, affirmed the referee’s findings. Appellant then filed suit for Judicial Review of the Board of Review’s decision, and on November 26, 1985, the District Court affirmed the decision of the Board of Review and dismissed appellant’s suit at his costs. It is from the District Court judgment that appellant brings this appeal.
It is well established that in order for a claimant to be entitled to unemployment benefits, he must not only have left his employment for good cause, but such cause must be connected with his employment. LSA-R.S. 23:1601(1); Neal v. Administrator, 197 So.2d 393 (La.App. 2nd Cir.1967). When a physical impairment is cited by a claimant as a cause for leaving his employment, there must be evidence that the condition was caused, worsened or aggravated by his employment in order for the claimant to receive unemployment compensation benefits. Neal, supra.
In the instant case, appellant presented no evidence whatsoever to show that his medical condition, specifically heart disease, was caused, worsened or aggravated by his employment with Turnbull. Absent a showing of a causal connection, appellant’s disqualification must stand.
In addition, appellant argues that the case should be remanded to the Board of Review for the taking of additional evidence concerning the connexity between appellant’s medical condition and his employment. We find no merit to this argu *415 ment. Appellant had ample opportunity to present any and all evidence in support of his position. There was absolutely no evidence presented which would suggest that appellant’s heart condition was connected to his employment. We find no reason to remand this case to the Board of Review.
Appellant was rightfully disqualified from receiving unemployment compensation benefits under LSA-R.S. 23:1601(1). We affirm the judgment of the District Court.
AFFIRMED.