BOLIN, Judge.
Defendants appeal from a judgment of the district court denying unemployment compensation benefits to Mrs. Minnie C. Middleton.
Mrs. Middleton became pregnant while employed by Southern Bell Telephone and Telegraph Company. Pursuant to the provisions of a collective bargaining agreement between the employees and Southern Bell, Mrs. Middleton was granted maternity leave on July 28,1966. Her child was born November 15, 1966, and on December 19, 1966, she was released by her physician as being able to return to her employment. On or about the latter date she applied to Southern Bell for re-employment, which was denied because no work was available at that time.
*925 Mrs. Middleton filed a claim for unemployment compensation benefits and an initial determination was made by the agency that claimant was disqualified from receiving benefits because she left her employment without good cause connected with her employment. The employee appealed the ruling to the appeals referee who affirmed the agency’s determination. Upon appeal to the Louisiana Board of Review the ruling of the referee was reversed. Plaintiff then appealed to the district court which reversed the ruling of the Board of Review and denied the claim of Mrs. Middleton for unemployment compensation benefits.
La.R.S. 23:1601 (1) provides:
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment if: ij< * »
The sole issue presented is one of law, i. e., when an employee leaves her employment pursuant to the terms of a collective bargaining agreement because of pregnancy and after giving birth to the child attempts to return to her employment, has she left her employment for good cause connected with her employment?
We think the issue presented has been passed upon adversely to claimant in the following cases: Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964); Olin Mathieson Chemical Corporation v. Brown, (La.App. 2d Cir. 1966) 188 So.2d 157; Southern Bell Telephone & Telegraph Company v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana, and Josephine S. Tullier, (La.App. 1st Cir., 1967) 197 So.2d 169.
It is our opinion the above cases squarely hold that pregnancy is not good cause connected with employment so as to qualify an employee to receive benefits under the unemployment compensation act. In fact, the Southern Bell case decided by the First Circuit is on all fours with the instant case and counsel for appellee in oral argument before this court admits that in order for this court to rule favorably to defendant it would be necessary to overrule that decision. We can find no basis for overruling the case especially in light of the holding of the Supreme Court in Algiers and the holding of this court in Olin Mathieson.
For the reasons assigned the judgment is affirmed.
Affirmed.