211 So.2d 634

## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY

v.

## ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY OF the DEPARTMENT OF LABOR, State of Louisiana, and Minnie C. Middleton.

No. 48997.

June 4, 1968.

Rehearing Denied June 28, 1968.

Marion Weimer, James A. Piper, James A. McGraw, Baton Rouge, for defendant-appellant.

Dodd, Hirsch, Barker, Avant & Wall, Baton Rouge, amicus curiae.

Maurice J. Naquin, Jr., New Orleans, Thompson, Thompson, Sparks & Cudd, Monroe, for plaintiff-respondent.

FOURNET, Chief Justice.

This suit involves the right of an employee upon termination of a leave of absence to obtain unemployment benefits when denied reinstatement under the terms of the contract of employment because of unavailability of work.

According to the record, Mrs. Minnie C. Middleton, a long time employee of South-

ern Bell Telephone and Telegraph Company, notified her employer of her pregnancy and produced a doctor's certificate stating the probable date of confinement in conformity with the labor agreement under which she was then serving,[1] and thereafter secured a leave of absence. When she returned to her employment, following the birth of her son and released by her physician that she was able to resume her regular employment on Dec. 19, 1966, she was informed no openings in her status were available at that time, whereupon she applied for unemployment benefits which were denied, the area agent holding she was disqualified on the ground that "she left her employment without good cause connected with her employment" under R.S. 23:1601.[2] This was subsequently affirmed by the Appeals Referee, but this ruling was reversed by the Louisiana Board of Review for the Division of Employment Security. Southern Bell then instituted proceedings in the Fourth Judicial District Court, Parish of Ouachita, to review the ruling of the Board of Review and obtained a judgment reversing the decision of the Board of Review thereby reinstating the action of the Appeals Referee and area agent holding, "She left her employment without good cause connected with her employment." The Administrator of the Division of Employment Security then appealed to the Court of Appeal for the Second Circuit, which by a divided court affirmed the judgment of the district court, 203 So.2d 924. The matter is now before us on a writ of certiorari granted on the application of the Administrator in order that we might review the judgment of the Court of Appeal, 251 La. 675, 205 So.2d 441.

It is stated in the majority Court of Appeal opinion that the issue in the case, "when an employee leaves her employment pursuant to the terms of a collective bargaining agreement because of pregnancy and after giving birth to the child attempts

1. The labor agreement between the Communication Workers of America and her employer provides in part:

"In all maternity cases the employee shall present to the company not later than the end of the fifth month of pregnancy a doctor's certificate stating the probable date of confinement. After the presentation of such certificate the Company shall grant the employee's request for a leave of absence if the leave is to begin not later than 60 days prior to the probable date of confinement. If the employee fails to request such a leave, the Company shall place the employee on a six months leave of absence to begin 60 days prior to the probable date of confinement. * * *"

2. The employment security act provides under R.S. 23:1601 as follows:

"An individual shall be disqualified for benefits:

(1) If the administrator finds that he has left his employment without good cause connected with his employment. * * *

(6) If not otherwise disqualified under this section, for the twelve weeks prior to the week in which occurs the expected date of birth of a child of that individual and for six weeks following the week in which such child is born."

**523**

to return to her employment, has she left her employment for good cause connected with her employment, * * * has been passed upon adversely to claimant in the following cases: Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964); Olin Mathieson Chemical Corporation v. Brown (La.App. 2d Cir. 1966) 188 So.2d 157; Southern Bell Telephone and Telegraph Company v. Administrator, Division of Employment Security of Department of Labor, State of Louisiana, and Josephine S. Tullier (La.App. 1st Cir. 1967) 197 So.2d 169." [3]

A study of the cases relied upon by the majority of the Court of Appeal readily discloses they are not controlling. The cases of Algiers Homestead and Olin Mathieson Chemical Corporation have no application to the case at bar for in the former the employee was never granted a leave of any kind, nor was there a contractual provision as in the instant case, in fact, she resigned; while in the latter case the claim for unemployment benefits were made by the claimant within a few days after being given maternity leave, thus, prior to the birth of her child. The case of Southern

**524**

Bell Tel. & Tel. Co. v. Administrator, Div. of E.S., and Josephine S. Tullier, although similar in facts, was based upon the Olin Mathieson and Algiers Homestead cases which we have shown hereinabove to be inapplicable to the facts of this case.

We find that a mere reference to the collective bargaining agreement will show there was no termination of the employer-employee relationship in the sense required by R.S. 23:1601(1) in this case when Mrs. Middleton obtained her leave of absence. The statutory language relating to disqualification for benefits refers to one who *"has left (her) employment"* and no serious contention can be made that Mrs. Middleton "left (her) employment" when she went on a leave of absence as the result of her pregnancy made compulsory under her contract of employment. Article 6A(2) of the labor agreement under which she was employed clearly established the compulsory nature of this leave of absence wherein it provides, "If the employee fails to request such a leave, the Company *shall* place the employee on a six months leave of absence." The agreement between the employer and the employee clearly contem-

---

**3.** In the dissenting opinion the judge pointed out that the statute, R.S. 23:1601(1), "has reference to a termination of the employment, a complete and permanent severance of the employer-employee relationship rather than to a mere temporary suspension of work by the employee through a mutual consent of the employer and employee. * * * One's employment * * * is not terminated by a leave of absence mutually agreed upon by the employer and the employee," and in conclusion observed, "* * * It becomes sufficiently clear, in reading paragraphs (1) and (6) of the statute (LSA–R.S. 23:1601) together, there was no intent that leave of absence because of pregnancy would effect, or result in, a termination of the employment, * * *."

plates a return to a duty status, and, in fact, creates a legal right on the part of Mrs. Middleton to be returned to such status in accordance with that portion of the contract which provides, "The employee *shall be reinstated* in the same exchange on the same or an equal job at which (she) was working prior to the leave if work is available in such exchange and on such job." Under this provision if there was work available for Mrs. Middleton at the expiration of her leave, the company was duty bound to reinstate her. Hence, the fundamental and underlying cause of Mrs. Middleton's unemployment following her application for reinstatement was not her prior condition of pregnancy but the then existing unavailability of work on the part of the employer, and it was only at this time that she "left (her) employment" and accordingly, such leave was for "good cause connected with (her) employment." In essence, under the provisions of the employee-employer relationship as fixed by contract, the employee on an approved leave of absence, being mandatory, with fixed rights of the employee to be reinstated in her job or one of a similar import at the expiration of such leave, does not leave her employment at the beginning of such leave but only at the expiration thereof in the event of no reinstatement because of the unavailability of such work (Emphasis added.)

For the reasons assigned the judgments of the district court and the Court of Appeal are reversed and the order of the Board of Review for the Division of Employment Security that claimant be declared eligible to receive benefits as of the date she filed her claim is affirmed. All costs are to be paid by the Southern Bell Telephone and Telegraph Company.

GLADNEY and BARHAM, JJ., take no part.