SAVOY, Judge.
The question of law presented for our determination on this appeal involving a claim for unemployment benefits filed by Rosetta King against the Louisiana Department of Employment Security, F. C. Doyal, Administrator, and American Cleaners, is whether an employee who resigns a position of employment because of pregnancy is entitled to recover unemployment benefits when her application to return to work with her former employer is denied after her baby is born because of no job openings ?
The facts of the case are relatively simple and are not disputed.
Plaintiff, Rosetta King, worked for some four years in the employ of American Cleaners in Alexandria, Louisiana, as a washer earning $40.00 per week. During the course of her employment with American she became pregnant and asked her employer, Mr. Clarence W. George, for a leave of absence so she could have her baby. Apparently this was agreeable with Mr. George who told her to call him after the baby was born, and he would re-employ her if help was needed. There was no maternity leave policy followed by Mr. George, and the employees could work as long as they wished before the baby came.
On August 21, 1968, plaintiff resigned her position with American, had the baby on November 30, 1968, and applied for reinstatement with Mr. George on January 9, 1969, with a letter from her physician stating she was well and able to return to work. Because of an economic slowdown plaintiff was not hired as there were no job openings available, but she was told she would be notified when work was available.
On January 16, 1969, at the suggestion of Mr. George, plaintiff applied for unemployment benefits at the Alexandria office of the Louisiana Department of Employment Security, and on the next day her claim was denied because she left her employment without good cause connected with her employment in that she left because of pregnancy. Plaintiff then appealed the adverse decision, but it was affirmed by the Chief Appeals Referee and the Board of Review of the Department of Employment Security. At this stage plaintiff then filed suit in State district court to have the holding of the Department overturned.
A trial on the merits in the district court resulted in the affirmance of the prior holdings of the Department of Employment Security, and from this adverse decision plaintiff has appealed contending that the trial judge erred in denying the unemployment compensation benefits.
Counsel for plaintiff, in urging reversal of the trial court’s decision, relies upon LSA-R.S. 23:1601(1) and LSA-R.S. 23:-1601(6) as amended in 1968.
In a rather unique position counsel for the Department on appeal argues on the same side of the case as plaintiff, contending that the amendment of LSA-R.S. 23:-1601(6). (b) in 1968 was meant to override legislatively the decision relied upon by the trial court in its determination, namely, Al *389 giers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964).
LSA-R.S. 23:1601 provides, insofar as pertinent, that an individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.

“(6) (a) If not otherwise disqualified under this Section, for the twelve weeks prior to the week in which occurs the expected date of birth of a child of that individual and for the six weeks following the week in which the child is born.
“(b) Subject to the limitations of Paragraph (a) of this Sub-section, no individual (who meets the requirements of R.S. 23:1600) who has been required to leave her employment, either by contract or otherwise, on account of pregnancy, shall be disqualified from benefits because of such leaving. Amended by Acts 1968, No. 420, section 1.”
In the Algiers case, supra, plaintiff was a clerical worker with the Homestead who became ill as a result of pregnancy, and who left her employment. After her child was born, she filed a claim for unemployment compensation benefits, but the claim was denied by the Division of Employment Security on the ground she had left her position without good cause connected with her employment. The Louisiana Supreme Court, in reversing the Court of Appeal which held the claiment entitled to recover the unemployment compensation benefits, held that since the claiment left her employment without good cause connected with her employment, she was not entitled to recover the unemployment compensation benefits.
In Southern Bell Telephone and Telegraph Company v. Administrator, Division of Employment Security of the Department of Labor, 252 La. 519, 211 So.2d 634 (1968), the Supreme Court, speaking through Chief Justice Fournet, stated, in holding that an employee was entitled to unemployment compensation benefits when she was required to quit her employment because of pregnancy:
“ * * * In essence, under the provisions of the employee-employer relationship as fixed by contract, the employee on an approved leave of absence, being mandatory, with fixed rights of the employee to be reinstated in her job or one of similar import at the expiration of such leave, does not leave her employment at the beginning of su.ch leave but only at the expiration thereof in the event of no reinstatement because of the unavailability of such work.”
The Southern Bell Telephone Company case, supra, made an exception to the Algiers case, supra, in those instances where collective bargaining agreements provide for mandatory maternity leaves. However, the Legislature then decided it would be unfair to pay benefits only to those women employees covered by such agreements. Hence, it adopted the 1968 amendment, adding LSA-R.S. 23:1601(6) (b), whch makes benefits available to all women employees who cease work because of pregnancy, whether they do so under a contract or otherwise.
For the reasons assigned, the judgment of the district court and the order of the Board of Review for the Division of Employment Security, denying benefits, are reversed and set aside. The Board of Review is directed to enter an order for the payment of benefits to the plaintiff in accordance with the views expressed herein.
Reversed and rendered.