CULPEPPER, Judge.
This is a proceeding under LSA-R.S. 23:1634 for judicial review of a decision of the Board of Review of the Department of Employment Security. The plaintiff is South Central Bell Telephone Company, employer of the claimant, Mrs. Frances L. Gill. Plaintiff has appealed from a decision of the District Court affirming a ruling of the Board of Review which awards Mrs. Gill unemployment compensation benefits.
The issue concerns a leave of absence.
The “Findings of Fact” and “Opinion” of the Board of Review are as follows:
“FINDINGS OF FACT
“The claimant worked 28 months for this employer as a telephone operator. She was working in DeRidder, Louisiana. She requested a leave of absence of 6 months, beginning June 14, 1969, and ending December 14, 1969, on the grounds that she had no one to care for her children. The leave was granted, but with the understanding that if she returned before the ending date, there was no assurance she would be re-employed. She did try to return before the leave ended, but there was no opening for her. Just prior to the expiration of her leave December 14, 1969, she again tried to return to work and again she was turned down. *616 It was then she applied for her unemployment insurance.
“OPINION
“R.S. 23:1601 (1) provides that a claimant shall be disqualified for leaving employment without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to employment and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under non-disqualifying circumstances.
“The claimant was granted a 6 months leave of absence for personal reasons. Upon the expiration of this leave, she returned to her job, but there was no opening for her. In the opinion of the Court of Appeals, Second Circuit, State of Louisiana, in the case of Southern Bell Telephone & Telegraph Company vs. the Administrator, the Court stated, ‘Ones employment, therefor, is not terminated by leave of absence mutually agreed upon by the employee and the employer. He is only temporarily excused from the performance of his duties.’ In reviewing the decision of the Appeal Court, the Supreme Court also adopted the dissenting opinion of the Honorable Judge Ayres and stated in part that ‘ * * * The employee on an approved leave of absence does not leave her employment at the beginning of such leave, but only at the expiration thereof, in the event that no reinstatement because of the unavailability of such work.’ Therefore, since the employer had agreed to grant the claimant a leave of absence, it cannot be held that she left her employment during the course of the leave of absence. Therefore, following the precedent of the above cited Court cases, her separation was under nondisqualifying circumstances.”
Also pertinent are the facts set forth in the letter from the telephone company to Mrs. Gill stating the terms and conditions of the leave of absence as follows :
“This is to advise that you have been granted a ‘Leave of Absence’ from June 15, 1969 to Dec. 14, 1969, inclusive.
“This leave is subject to the following conditions:
“During absence you will not be eligible to Accident, Death or Sickness Benefits under the ‘Plan for Employees’ Pensions, Disability Benefits and Death Benefits’.
“You will not be allowed credit for the period of absence EXCEPT THE FIRST MONTH, when computing length of service for the purposes of the ‘Plan’.
“If you have not returned to work or have not been granted an extension by the Committee by the time this leave expires, you will be considered as having left the service of the Company, and your service record will be broken.
“This leave is granted in order to protect your term of service when and if reemployed, but is not a promise or guarantee of reemployment.”
The case referred to in the Board’s opinion is Southern Bell Telephone & Telegraph Company v. Administrator, Division of Employment Security, 203 So.2d 924 (La.App.2d Cir. 1967) reversed by our Supreme Court on writs, 252 La. 519, 211 So.2d 634 (1968). The cited case is not absolute authority for the broad statement of law contained in the above quoted opinion of the Board. In the first place, the Board states that the Court of Appeal, Second Circüit, held: “Ones employment, therefore, is not terminated by leave of absence mutually agreed upon by the employer and the employee. He is only temporarily excused from the performance of his duties.” This statement is not contained in the majority opinion of the Court of Appeal. It is a quotation from the dissenting opinion by Judge Ayres. Furthermore, the Board states that our Supreme Court adopted the dissenting opinion of Judge Ayres. This is not correct. Our Supreme Court restricted its ruling to the particular facts of the case. The circumstances were that a collective *617 bargaining agreement made leave of absence mandatory upon a female employee who became pregnant, but required that the employee be reinstated in the same or an equal job after the leave of absence expired, if work: was available. The Supreme Court held :
“In essence, under the provisions of the employee-employer relationship as fixed by contract, the employee on an approved leave of absence, being mandatory, with fixed rights of the employee to be reinstated in her job or one of a similar import at the expiration of such leave, does not leave her employment at the beginning of such leave but only at the expiration thereof in the event of no reinstatement because of the unavailability of such work.”
In his brief filed in this court the Administrator concedes that in the Southern Bell case discussed above our Supreme Court did not adopt the broad rule of the Ayres dissent. Nevertheless, the Administrator contends, and we agree, that if we follow the rationale of the Supreme Court decision to its logical conclusion and apply that rationale to the facts of the present case, we must reach the result that even though the leave of absence here was not mandatory and there was no express agreement for re-employment, the claimant did not voluntarily quit her job at the beginning of her leave.
An analysis of the problem should commence with the rule which requires a liberal construction of the Unemployment Compensation statute to accomplish the stated public policy of relieving economic insecurity caused by unemployment, LSA-R.S. 23:1471; Chapman v. Division of Employment Security, La.App., 104 So.2d 201; Sewell v. Sharp, La.App., 102 So.2d 259; Lacombe v. Sharp, La.App., 99 So.2d 387; Burge v. Administrator, La.App., 83 So.2d 532.
The portion of the statute to be construed in the present case is LSA-R.S. 23:1601, which reads in pertinent part as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment.”
In considering this disqualification, three issues are generally presented: (1) Was there a voluntary quitting? (2) If so, was it with good cause? (3) If both of the foregoing are found, was the good cause connected with the work? See the Comment, Unemployment Compensation in Louisiana, 19 La.L. Review 448, at page 461. In the present case, we do not reach a consideration of the second or third issues since we ultimately conclude there was not a voluntary quitting.
The rationale of a disqualification based on voluntary quitting is that employment should be stabilized as much as possible. Where the claimant voluntarily chooses to leave his employment he is not entitled to the protection afforded by the statute since he has contributed to the condition sought to be protected against.
Under the facts of the present case we think it is clear that both Mrs. Gill and the telephone company planned to continue her employment status at the time she started her leave of absence, despite the provisions in the employer’s letter that there was no “promise or guarantee of re-employment.” In ordinary usage, the term “leave of absence” means that the employee is given permission to be absent from work for a certain time at the end of which the employee will return to his employment status. See the dissent by Judge Ayres in So. Bell Telephone & Telegraph Co. v. Administrator, 203 So.2d 924, and the authorities cited therein. Thus, in the ordinary case, where there is a leave of absence mutually agreed upon by the employer and the employee, the employee does not voluntarily quit his job.
The only circumstances which could prevent the present case from falling within the above stated general rule regarding leaves of absence is the statement in the *618 employer’s letter that there is no “promise or guarantee of re-employment.” It could be argued that since this put the claimant on notice that there was no promise or guarantee of re-employment at the end of her leave, she voluntarily quit her job when her leave started. This is an unrealistic construction. The very fact that the claimant was granted a leave of absence caused her to believe that unless something unusual happened she would be re-employed at the end of her leave. The claimant testified at the hearing:
“I did not know until I got my leave papers, on the day my leave started, that I may not get my job back. I was told that I may not be able to go back before the leave was up, but nothing was said about after the leave was up. I also did not know that I had to have two years service in order to extend my leave.”
Mrs. Gill’s testimony that she understood she would be re-employed at the end of her leave, is corroborated by the fact that shortly before the end of the leave she contacted the telephone company’s chief operator to inquire about when she should return to work. It was on this occasion that she was advised that no employment was available and she should file a claim for unemployment compensation. Under all of these circumstances, Mrs. Gill clearly did not voluntarily quit her job.
Another cogent reason for the construction which we have adopted is set forth in the dissent by Judge Ayres in the Southern Bell case cited, supra:
“If an employer may grant a leave to an employee for a day, a week, a month, or longer, and refuse him work at the termination of his leave and thereby disqualify him for unemployment compensation, similar action may be taken with reference to all its employees. Such an interpretation would clearly lead to a result not contemplated or intended by the Legislature and would defeat the purpose of the statute as social and economic legislation, the benefits of which were intended to be extended so far as possible within the limits imposed by expressed restriction.”
The employer argues further that, in the event benefits are awarded, they should not commence until the expiration of the leave of absence on December 14, 1969. The record shows that Mrs. Gill does not make any claim for benefits prior to this date. See paragraph 12 of the answer filed by the claimant’s attorney in these proceedings. This disposes of the argument.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.