BOUTALL, Judge.
This appeal involves the issue of entitlement to unemployment benefits. After remand, the district court found in favor of the employer, Lykes Bros. Steamship Co., Inc., holding the employee not entitled to benefits. The Administrator appeals.
This case has a rather complicated history. An employee of Lykes Bros, applied for unemployment benefits. The local administrative office for the Division of Employment Security held that the claimant was eligible for benefits. The Appeals Tribunal disqualified the claimant from benefits and the Board of Review reversed that determination. After exhausting its administrative remedies, Lykes Bros, sought judicial review to the district court wherein the Board of Review’s decision was reversed. An appeal to this court was taken and we decided that the claimant was not disqualified from receiving benefits under R.S. 23:1601(1) but remanded to the Board of Review for factual evidence and determination of the question whether the claimant was “available for work” within the meaning of R.S. 23:1600(3). See Lykes Bros. Steamship Co. Inc. v. Doyal, 299 So.2d 477 (La.App. 4th Cir. 1974). The Board of Review took additional evidence and found claimant entitled to benefits. Again the district court reversed that decision and the case is back before us.
The issue now before this court is whether the claimant was “available for work” within the meaning of R.S. 23:1600(3).
The basic facts of the case are set out in our earlier decision, Lykes Bros. Steamship Co. Inc. v. Doyal, supra. On remand the following facts were brought out at the hearing: The claimant, Melford Swain, Jr., signed up for unemployment benefits after his 60 days of paid vacation were over. During the period that claimant alleges he was available for work he held a reship letter and later utilized that privilege to rejoin the SS Joseph Lykes. An excerpt from the National Shipping Rules *434 (section D, subsection c) relating to reship privileges was introduced. The pertinent part of these rules state, “During any period that a seaman is registered to reship he may not compete for any other job.” The testimony further showed that any seaman holding a reship letter can make himself available for work by unilaterally giving up his reship privilege and seeking employment on the “open board”. Claimant testified that he did not do this because he wished to remain a member of the crew of the SS Joseph Lykes. Lykes Bros, introduced documentary evidence which shows that during the period claimant alleges he was unemployed and available for work there were some seven jobs filled by men with similar job classifications and less seniority. It is not contested that had claimant renounced his reship privileges and sought employment at his union hall he would have been hired.
We find that claimant was not “available for work” because he held reship privileges. The National Shipping Rules, § D, subsection c., clearly states that he cannot obtain another berth as long as he continues to hold this privilege. The claimant had an opportunity to make himself available by renouncing his reship privileges and chose not to do so.
Availability has been described as a passive rather than an active concept. Smith v. Administrator, Division of Employment Security, 95 So.2d 349 (La.App. 2nd Cir. 1957). However, as the court in Raborn v. Heard, 87 So.2d 146 (La.App. 1st Cir. 1956) stated:
“Of course, for purposes of drawing >-unemployment compensation employees ■ cannot arbitrarily remove themselves from availability for work by restricting their willingness to work to certain hours, types of work, or conditions, not usual or customary in the occupation, trade, or industry, * * * * ” (Citations omitted.)
In this case he voluntarily restricted himself to a particular berth on a particular ship.
For the above reasons we affirm the judgment of the district court. Appellant to pay all costs.

Affirmed.