TATE, Justice.
This case arose when Lykes Brothers Steamship Company, Inc. challenged an administrative award of unemployment compensation to a Lykes employee under La. R.S. 23:1471 et seq. Lykes contends that its employee was not eligible to receive benefits because he was not “available for work” as required by La.R.S. 23:1600(3).
*597 The administrative tribunal adjudicating claims and objections to compensation determined that the claimant was indeed eligible.[1] The court of appeal upheld the district court’s reversal of such administrative determination. 322 So.2d 433 (La.App. 4th Cir. 1975).
We granted certiorari, 325 So.2d 605 (La. 1976), because we thought that, by so doing, the court of appeal had overlooked the proper test for disqualifying a claimant: By failing to apply the provisions of the statute as a whole, the court had failed to consider whether the “available” work, La.R.S. 23:1600(3), was also “suitable”, within the meaning of and as required by statute, La. R.S. 23:1601(3) (quoted in text below).

The pragmatic issue

The essential pragmatic issue presented is whether a seaman, who has obtained job security with a given company on a given vessel, is required to forfeit such seniority rights by applying for and accepting less permanent and desirable work (which was not in fact offered him), or else forego his rights to compensation during otherwise involuntary unemployment.

Legal principles applicable

The court of appeal held that the claimant was not entitled to benefits because he did not meet the eligibility requirement of La.R.S. 23:1600(3), namely, that, “He is able to work and is available for work.” However, the meaning of “available for work” for eligibility, La.R.S. 23:1600, must be determined by considering the act as a whole, including the correlative provision for disqualification from benefits, La.R.S. 23:1602. See Raborn v. Heard, 87 So.2d 146, 149 (La.App. 1st Cir. 1956). See also Broden, Law of Social Security and Employment Insurance, Sections 8.04,10.11, 13.06 (1963).
Disqualification for unemployment compensation benefits on the ground that the
employee is unavailable for work is determined under La.R.S. 23:1601(3), which provides:
“An individual shall be disqualified for benefits: * * *
“(3) If the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the administrator.

“(a) In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence. * * * ” (Italics ours.)
A claimant is “available for work” within the meaning of the statutory enactment and entitled to benefits if he restricts his availability to suitable work as defined by the statute. Raborn v. Heard, 87 So.2d 146 (La.App. 1st Cir. 1956), and authorities cited therein. Of course, such restriction cannot be unreasonable, and the claimant cannot arbitrarily remove himself from available work by restricting his willingness to work to certain hours, types of work, or conditions, not usual or customary in the occupation, trade or industry. Raborn v. Heard, supra.

Facts

The claimant is a seaman who sails under a union contract. The employment agreement mandates that he take all his accrued vacation at the end of the voyage during which he accumulates 210 workdays. If the seaman chooses to make another voyage following that voyage in which he accumu *598 lates 210 workdays, he may do so but he forfeits his reshipping rights upon that vessel.
In this case, the seaman chose to take his vacation at the end of a voyage during which he had accumulated 180 days. (The voyage which the seaman missed was to the Far East and lasted 146 days. It would have required him to work at sea 355 days without a vacation.)
The seaman received 60 days paid vacation (one day for every three days worked), to which he was entitled under the union contract. He also received a “reship letter”, which entitled him to reship on the same vessel provided he not compete for any other employment on the union’s “open board”.
The end of the seaman’s vacation did not coincide with the return of his ship. Choosing not to forfeit his reshipping privileges on the ship to which he had been attached since 1966, the seaman sought unemployment benefits. As noted, the agency held him eligible to receive such benefits. The determination is contested by his employer on this judicial review of it.

Available, Suitable Work

In interpreting and administering the unemployment compensation act, we must take into consideration the legislative mandate that the statute be interpreted broadly and in accord with the act’s objective of “relieving individual hardship and the economic loss to the community as a whole which result from the lack of income caused by unemployment.” Immel v. Brown, 143 So.2d 156, 160 (La.App. 3d Cir. 1962). See National Gypsum Co. v. Administrator, Dept. of Employment Security, 313 So.2d 230, 232 (La.1975).
Unemployment compensation is neither a reward given to the employee, nor is it punishment imposed upon the employer. Its purpose is simply “to protect the stability of the state and of the family, by relieving the family distress and the menace to public welfare occasioned through unemployment of individual workers.” National Gypsum Co. v. Administrator, Dept, of Employment Security, supra. On the other hand, an employee is not disqualified by not applying for and accepting work which is not “suitable” for him. La.R.S. 23:1601(3). The concept in part is that the temporary unemployment of an individual should not, on penalty of starvation to his family otherwise, cause him to accept temporary positions which may be unsuitable as resulting in some permanent impairment of earning power by loss of status or security in the customary occupation in which he has permanently been employed. See Broden, Law of Social Security and Unemployment Insurance, Sections 10.01, 10.04, 10.11 (1962).
The determination of whether a claimant has removed himself from the work market and is “unavailable for work” is to some extent a factual determination as to the “suitability” of the work for which he does not make himself available. Therefore, the administrative agency’s resolution of this mixed law-fact issue is entitled to great weight, in view of its statutorily conferred role as final arbiter of fact, La.R.S. 23:1634, and in view of its presumed expertise as to issues of this nature. See Unemployment Compensation Commission of Alaska v. Aragon, 329 U.S. 143, 67 S.Ct. 245, 91 L.Ed. 136 (1946)[2] and 4 Davis, Administrative Law Treatise, Sections 30.05, 30.09 (1958).
The claimant’s “availability” for other work as “suitable” must be weighed *599 as reasonable or not in light of his particular field of industry, length of employment, and experience and prior earnings therein. See: La.R.S. 23:1601(3); Raborn v. Heard, cited above, and authorities therein cited. We cannot find unreasonable the administrative determination that such other work was not “suitable” in the light of the employee’s field of industry and length of employment therein and the loss of earned security rights he would forfeit by accepting other temporary employment.
In the present case, the seaman chose to preserve his tenured rights to reship, as opposed to applying for and accepting employment on any other incoming ship. Had the claimant made himself available to any position on other ships on the union’s “open board”, he would have relinquished his tenured rights to reship on the Joseph Lykes, and to his permanent berth and seniority-secured reshipping rights on this vessel, on which he has worked since 1966.[3] His berth with Lykes would have then been given to someone else.
In light of the alternatives posed to the seaman, his choice not to abandon his reshipping privileges by applying for other work is reasonable. Such other work was unsuitable for him, as measured by the statute, so that his failure to apply for such work did not remove him from eligibility for compensation benefits by not being “available” for work. La.R.S. 23:1600(3); Raborn v. Heard, supra. Nor has it been shown that he failed to apply for “available, suitable” work when offered him, such as would disqualify him from the receipt of benefits. La.R.S. 23:1601(3); Smith v. Administrator, Division of Employment Security, 95 So.2d 349 (La.App. 2d Cir. 1957).
Other jurisdictions recognize a claimant’s “legitimate desire to return to work for a previous employer.” Broden, Law of Social Security and Unemployment Insurance, Section 10.04 (1962). To retain eligibility for unemployment benefits, a claimant should not be required to accept employment which requires him to forfeit seniority rights obtained in previous employment. Hobbs v. Board of Review, etc., 122 N.E.2d 707 (Ohio App.1953).
Lykes does not cite to us any judicial decisions to the contrary. It relies upon decisions of the California Unemployment Insurance Appeals Board, interpreting that jurisdiction’s unemployment compensation law. See Unempl.Ins.Rep. [(Calif.) ¶¶ 1950.-226, 237, .848] (CCH Topical Reports). We do not find that authority persuasive, in that (even if interpreted as Lykes does them) they conflict with the principles above-cited as to availability-suitability principles followed by jurisdictions which interpret such provisions as does Louisiana’s courts and administering agency.
Lykes also contends that the employee is disqualified because he left his employment without work-connected cause. La.R.S. 23:1601(1). We find no error in the administrative board’s and the court of appeal’s finding that, under the present facts, an employee’s taking of an earned vacation, which otherwise will be long deferred, does not constitute grounds for disqualification within the meaning of La.R.S. 23:1601(1). See 299 So.2d 477 (La.App. 4th Cir. 1974).

Decree

For the reasons assigned the decision of the trial court and the decision of the court of appeal are reversed, and the decision of the administrative board of review is reinstated. Appellee’s suit is dismissed. Appel-lee to pay all costs.
SANDERS, C. J., dissents, being of the opinion that the judgment of the Ct. of Appeal is correct. See 322 So.2d 433.
SUMMERS, J., dissents and subscribes to the reasons assigned by the Ct. of Appeal.
DENNIS, J., dissents being of the opinion the majority has misconstrued the meaning *600 of “suitable” employment as intended by the Legislature so as to modify it to mean “ideal” employment. This judicial gloss is not justified by the purpose and wording of the law, confers a preferential benefit on a small class of employees, and tends to weaken the unemployment compensation system upon which other unemployed workmen not given such preferential treatment must rely for sustenance when out of work.

. In earlier proceedings, the board had previously determined that the claimant was eligible for compensation benefits. The agency determination had been set aside, and the case remanded for the particular determination by the board of the claimant’s availability for work. 299 So.2d 477 (La.App. 4th Cir. 1974).

. See at 329 U.S. 153-54, 67 S.Ct. 250:
“ * * * [T]he question presented ‘is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially.’ To sustain the Commission’s application of this statutory term, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings. The ‘reviewing court’s function is limited’. All that is needed to support the Commission’s interpretation is that it has ‘warrant in the record’ and a ‘reasonable basis in law.’ ”

. Accepting the berth on another ship would have assured him only a single voyage. If he took this job on another ship, any seaman with reship privileges by virtue of tenure on this other ship was entitled, at expiration of the voyage, to claim his job back, which the claimant had filled for that voyage only.