SWIFT, Judge.
This is a proceeding under LSA-R.S. 23:1634 for a judicial review of a decision of the Board of Review of the Office of Employment Security. The plaintiff is South Central Bell Telephone Company, employer of the claimant, Beverly M. Tinnin. Plaintiff has appealed from a decision of the district court affirming a ruling of the board of review which awarded Ms. Tinnin unemployment compensation benefits.
The sole issue presented is whether Ms. Tinnin is entitled to unemployment compensation benefits during a leave of absence taken as a result of claimant’s pregnancy.
The findings of fact and opinion of the board of review are as follows:
FINDINGS OF FACT
“The claimant worked for the above-mentioned employer approximately 3V2 years. Her last job was as Garage Attendant. The claimant has been performing this work since April 1, 1978. She was scheduled to work from 4:00 P.M. to 12:00 Midnight, Monday through Friday. At the time of her separation she was earning $195.00 per week.
“The evidence further shows that it was recommended by the claimant’s physician that she stop doing the kind of work that she was doing because she was in the third month of her pregnancy and the physician thought that the claimant could injure herself by performing this type of work.
“The claimant asked for a transfer to other work within the company but was told that none was available. She then asked for and was granted a leave of absence to extend until six weeks after the delivery of her child, which is expected January 20, 1979. A statement on Form LDOL-ES 562 was received by the Agency which was signed by her physician on June 12, 1978, indicating that she was not able to work at the time and would not be able to until after her delivery. This statement was also presented to the employer. The claimant intends to return to work with the employer after the birth of her child.”
*791 OPINION
“R.S. 23:1600(3) provides that an unemployed individual shall be eligible to receive benefits with respect to any week only if the Administrator finds that he is able to work, and is available for work. “After carefully reviewing all the testimony evidence, and records in this ease, the Board finds that the claimant’s unemployment was brought about because she became pregnant and her physician felt that she was unable to continue performing her regular employment because he felt that the claimant could possibly injure herself in doing this kind of work. “The Board further finds that the claimant asked for a transfer to lighter work and there were no openings. She was then placed on leave of absence without pay. The claimant had submitted into the records a statement signed by her physician, J. L. Zehnder, M.D., to the effect that she could perform light duty work until further notice.
“Due to the aforementioned, this Board must conclude that the claimant does in fact meet the eligibility requirement under R.S. 23:1600(3).
“IT IS, THEREFORE, ORDERED that the decision of the Appeals Referee be reversed and the claimant be declared available for work and eligible for benefits effective June 12, 1978.”
It is unnecessary for us to decide whether or not the board’s finding that claimant meets the eligibility requirement of LSA-R.S. 23:1600(3) as being able to work, because we have concluded it erred in failing to find that the claimant was disqualified from receiving benefits under LSA-R.S. 23:1601(1). This section of the statute provides:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.” [Emphasis added]
Prior to 1977, LSA-R.S. 23:1601(6) provided:
“(6) No individual (who meets the requirement of R.S. 23:1600) who on account of pregnancy has been required to leave her employment pursuant to an employment contract rule or policy or on the advice of a physician shall be disqualified from benefits because of such leaving provided application has been made for a leave of absence if such is available.”
However, by Acts 1977, No. 745, § 6 was repealed. Therefore, the determinative issue presented in this case is whether the claimant left work for good cause connected with her employment.
In Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (La.1964), the court found that although pregnancy is a good cause for leaving one’s employment, it is not a good cause connected with employment. See also, Olin Mathieson Chemical Corporation v. Brown, 188 So.2d 159 (La.App. 2 Cir. 1966). The sole reason for Ms. Tinnin leaving her employment was her pregnancy and her request for a leave of absence. Therefore, the rationale of Algiers and Olin Mathieson is applicable and the claimant is disqualified from receiving unemployment compensation benefits.
We are not presented with the factual situation where an employee was denied reinstatement after termination of a leave of absence. In Southern Bell Telephone and Telegraph Co. v. Administration, Division of Employment Security of the Dept. of Labor, 211 So.2d 634 (La.1968), the claimant was granted a maternity leave of absence pursuant to a collective bargaining agreement. After termination of her leave of absence, she was denied reinstatement because no job openings were available. *792 Thereafter, she filed a claim for unemployment compensation benefits and the court concluded that she was entitled thereto. The case was distinguished from Algiers on the basis that the claimant left work at the termination of her leave of absence, not because of pregnancy, but because of the unavailability of an opening.
In the present suit Ms. Tinnin does not contend that she was not reinstated after termination of her leave of absence. Her claim is for unemployment compensation benefits during the leave of absence.
For the foregoing reasons, the judgment of the district court and the order of the board of review are reversed and set aside. It is further ordered, adjudged and decreed that the demands of the claimant, Beverly M. Tinnin, for unemployment benefits be and they are hereby rejected.
REVERSED AND RENDERED.