FORET, Judge.
This is a suit for judicial review of the eligibility of a claimant granted unemployment compensation benefits by the Department of Employment Security, State of Louisiana.
The claimant applied for unemployment compensation benefits and was determined to be eligible for such benefits by the local *57 agency of the Department of Employment Security. The agency found that the claimant had requested and was granted a maternity leave of absence at the advice of her physician, Dr. Gerald Posner. The agency further found that after the leave of absence had been granted, Dr. E. E. Padgett had released the claimant to do light work until her delivery date. Claimant’s separation from employment was determined to be under non-disqualifying conditions.
The ruling of the local agency was appealed by the claimant’s employer, Martin Mills, Inc. The ruling was upheld by the appeals referee and the Board of Review for the Office of Employment Security.
A petition for judicial review of the Board of Review’s decision was then filed by the said employer in the Twenty-Seventh Judicial District Court, Parish of St. Landry. The Administrator of the Office of Employment Security and the claimant, Dorothy Stelly, were named defendants. The Administrator filed an answer pursuant to LSA-R.S. 23:1634 and prayed that the decision of the Board of Review be affirmed.
The district judge rendered judgment in favor of the Administrator, upholding the decision of the Board of Review and decreeing claimant to be eligible for unemployment compensation benefits. Martin Mills, Inc. has perfected this devolutive appeal from the judgment of the district court.
Martin Mills, Inc. (hereinafter the Appellant) presents two issues on appeal:
(1) Whether an employee who voluntarily requests a leave of absence from her employer as a result of her pregnant condition is entitled to unemployment benefits prior to the termination of the employee’s leave of absence, and
(2) Whether the claimant in this case removed herself from available work by restricting her willingness to work to conditions not usual or customary in the occupation, trade or industry.
We note at the outset that in unemployment compensation cases, the scope of review of this Court is confined to questions of law, and the findings of the Board of Review, as to facts, if supported by sufficient evidence, and, in the absence of fraud, are conclusive. LSA-R.S. 23:1634; Cotton Brothers Baking Company, Inc. v. Bettevy, 367 So.2d 1274 (La. App. 3 Cir. 1979); Lingo v. State, Department of Employment Security, 364 So.2d 1367 (La. App. 3 Cir. 1978).
The Board of Review adopted the findings of fact of the appeals referee. Those findings of fact are:

“FINDINGS OF FACT:

The claimant worked for this employer from January 7, 1977, to April 18, 1977, and again from June 15,1977, to June 19, 1978, as a sewing machine operator. Her pay was based on a combination of hourly pay and piece work and she averaged $3.42 per hour for her last pay period. The claimant was scheduled to work from 7:00 a. m. to 3:45 p. m., plus overtime when needed, Monday through Friday. On occasions the claimant was required to work on Saturdays. The claimant requested and was granted a maternity leave of absence at the end of her sixth month of pregnancy. The claimant was advised by her doctor that she stop working at that time. The claimant is expected to return to her employment after she is released by her doctor after the birth of her baby. The expected date of the birth of her child is during the last week of August 1978. The claimant submitted medical certification from her doctor stating that she may do light work until her delivery date. The claimant could no longer continue her employment with the employer, as it was causing her to have back pains due to the constant sitting at the sewing machine all day.”
We agree that these findings of fact are conclusive as they were based on sufficient evidence and there is no allegation of fraud.
The claimant, Dorothy M. Stelly, applied for a maternity leave of absence with the appellant on June 9, 1978. The claimant presented a note, with her request for leave, signed by Dr. Gerald Posner, in which he advised her to stop working. Appellant granted the leave of absence.
*58 Dorothy Stelly then filed a claim for unemployment benefits, effective June 18, 1978. She presented a note from Dr. E. E. Padgett with her claim, in which the doctor advised that she could do light work .until her delivery date. She was subsequently determined to be eligible for such benefits.
The first question which we address is whether an employee who voluntarily requests and is granted a leave of absence by her employer as a result of her pregnancy is eligible for unemployment benefits prior to the termination of that leave of absence.
Appellant argues that, based on the findings of fact by the appeals referee, as well as the transcript of testimony taken by the appeals referee, the claimant is clearly disqualified as a matter of law from benefits under the Employment Security Act. LSA-R.S. 23:1601(1)[1] provides that an individual shall be disqualified for unemployment benefits if the administrator finds that she has left her employment without good cause connected with her employment It is appellant’s contention that the cause of Dorothy Stelly’s leaving her employment, i. e., her pregnancy, is not a cause connected with her employment. We note that there is no specific disqualification for benefits found in LSA-R.S. 23:1601 based on the fact that an employee has left her employment because of pregnancy.
Our Supreme Court, in Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964) (See also South Central Bell Telephone Company v. Department of Employment Security, 389 So.2d 790 (La. App. 3 Cir. 1980), interpreted LSA-R.S. 23:1601(1) with regard to an issue similar to that raised in this case. That Court held that a woman who left her employment because she was pregnant certainly had good cause for doing so, “but this good cause was in no way connected with her employment”. The Court stated, 167 So.2d on page 351, that:
“[3] This subsection provides in plain language that an individual is disqualified for benefits if he leaves his employment without good cause connected with his employment. In the instant case certainly the claimant had good cause for leaving her employment-about this there could be no dispute-, but this good cause was in no way connected with her employment. To hold that she was entitled to unemployment benefits under the facts of this case the court would have to disregard the plain language of the statute and rewrite the law under the guise of interpreting it. In other words, the court would have to read out of the statute the words ‘connected with his employment-words which the Legislature specifically incorporated into the statute by amendment in 1952.”
The Court defined the policy of the law on pages 350 and 351 as follows:
“[1,2] The broad purpose of the unemployment compensation acts which have been adopted by various states is to provide a measure of economic security to those who are unemployed because industry does not provide enough jobs to employ all those available for, and seeking, employment. To accomplish this purpose the states have enacted varied disqualification provisions which will in their opinion insure that unemployment compensation payments will be received only by workers who are unemployed primarily as a result of economic causes. Stated another way, their purpose is to make sure that compensation is not paid to those who choose not to work, that the compen *59 sation law does not encourage idleness, and that it does not weaken the willingness of the individual to provide for himself through employment.”
It is clear that a woman who voluntarily requests and receives from her employer, a maternity leave of absence, is not unemployed primarily as a result of economic causes during the duration of that leave.
We note here that the record of testimony taken at the August 1, 1978 hearing before the appeals referee reveals testimony to the effect that appellant would have rehired the claimant if she felt she could work. Appellant’s representative testified before the appeals referee and stated that, “company policy is that we let a person or let a woman work as long as she and her doctor feel that she can still work”. Appellant’s representative then asked the claimant if she was willing to return to work immediately in the same position she originally held. The claimant replied that she could not do so. The claimant’s job consisted of sitting at a sewing machine and sewing pieces of clothing together. She indicated that her state of health was such that she could not perform this job. Appellant’s representative then testified that there was no lighter work than that available at the plant.
The trial judge, in his written reasons for judgment on the issue of whether the claimant was disqualified for benefits, cited a number of cases which he felt indicated that claimant was not disqualified. These were King v. Louisiana Department of Employment Security, 229 So.2d 387 (La. App. 3 Cir. 1969); Southern Bell Telephone and Telegraph Company v. Administrator, Division of Employment Security, 211 So.2d 634 (La.1968); and South Central Bell Telephone Company v. Administrator, Division of Employment Security, 247 So.2d 615 (La. App. 3 Cir. 1971), writ denied, 249 So.2d 210 (La.1971).
We have reviewed these cases and find that they can be readily distinguished from the facts of the case before us. The women in each of those cases sought to return to work after their maternity leave of absence had expired, but were not rehired because of economic reasons such as a slow down in the economy. However, in this case, the employer was willing to rehire the claimant at any time.
The trial judge also cites Turner v. Department of Employment Security, 423 U.S. 44, 96 S.Ct. 249, 46 L.Ed.2d 181 (1975) which he finds practically abolished, as unconstitutional, any flat rule denying benefits because of pregnancy. We fail to see the significance of this because LSA-R.S. 23:1601 does not contain any such rule and appellant did not argue that there was one. Therefore, we find that each of the authorities cited by the trial judge has no application to the issues before us.
We find that the claimant in this case requested and was granted a leave of absence. She had the opportunity to return to work with her employer at any time she felt she could do so. She failed to notify her employer that a second doctor had advised her that she could do light work, and, indeed, she refused to return to her job when her employer asked her to do so.
We hold that a female employee is disqualified for unemployment benefits as a matter of law for the duration of a leave of absence voluntarily requested by her and granted by her employer because she is pregnant, for the reason that such condition is not connected with her employment.
For the reasons assigned, the claimant, Dorothy Stelly, is hereby declared to be disqualified for unemployment compensation benefits. The judgment of the trial court affirming the decision of the Board of Review awarding such benefits is therefore reversed, annulled and set aside, and the decision of the appeals referee is likewise annulled and set aside.

REVERSED.

. § 1601. Disqualification for benefits
An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.
Amended by Acts 1978, No. 285, § 1, eff. July 5, 1978; Acts 1978, No. 517, § 2; Acts 1978, No. 538, § 1, eff. July 12, 1978.