SCHOTT, Judge.
This is an action for judicial review of a decision of the Board of Review of the Office of Employment Security disqualifying plaintiff, Philip Ramos, Jr., for unemployment benefits. The issue is whether the law and evidence support the administrative determination that plaintiff voluntarily left his employment when work was available as opposed to plaintiffs contention that the work offered was unsuitable and his employer arbitrarily changed his working conditions. From a judgment of the district court affirming the decision of the Board of Review, plaintiff has appealed. We affirm.
Plaintiff, a journeyman boilermaker, has been employed by Boland Marine and Manufacturing Company, Inc. for many years. After June 10, 1982, he refused to work because Boland assigned him to a job in its shop instead of “outside work” on ships. Over the next two weeks plaintiff was offered inside work which he refused. Plaintiff was the outside steward of the local boilermakers union and, in the past, had been assigned outside jobs for the most part which were compatible with his union position. However, he was occasionally assigned inside jobs as well. Whether inside or outside the boilermaker’s work is similar and the salary, established by union contract, is the same. Boilermakers may be assigned by the employer wherever necessary. According to plaintiff Boland was discriminating against him because of his union activities and because of a previous arbitration award he won against Boland. According to Boland,' it made a valid management decision to promote company efficiency in making plaintiff’s work assignments.
Following a hearing before the Appeals Referee of the Office of Employment Security he found the facts as outlined above and concluded that plaintiff did leave his employment when work was available; he had the opportunity to follow his chosen vocation but disliked the particular assignment; his motives for refusing to work were entirely personal; his dissatisfaction *127 with his assignments was not based upon substantial changes in wages or working conditions; Boland’s actions were not arbitrary or discriminatory; and plaintiff failed to prove good cause for his refusal to work.
Plaintiff does not dispute the fact that he was offered inside work and refused. But he insists that he was justified because inside work was not “suitable” in accordance with LSA-R.S. 23:1601(3). In support of this position he relies on Lykes Bros. Steamship Co., Inc. v. Doyal, 338 So.2d 594 (La.1976).
In the cited case the court held that the “available for work” condition for unemployment benefits set forth in R.S. 23:1600(3) means available for “suitable” work as prescribed by R.S. 23:1601(3). On the facts of that case the court concluded that there was entitlement because the available work offered to the plaintiff was not suitable. However, those facts are wholly distinguishable from those in the instant case. In Lykes plaintiff refused a work assignment on a vessel other than the one on which he had worked for some years previously, but a change of vessels would have a drastic effect on his tenured rights to reship on the first vessel. In the instant case there is no difference between inside work and outside work. The same skill is applied and the same wages are paid. The union contract makes no distinction between inside and outside work. It was simply a case of Boland requiring plaintiff to work in a particular location which had no effect on his employment rights. In the Lykes case the following statement at page 597 refutes his argument that the available work was not suitable:
“... the claimant cannot arbitrarily remove himself from available work by restricting his willingness to work to certain hours, types of work, or conditions, not usual or customary in the occupation, trade or industry.”
Plaintiff contends that inside work was not suitable because had he accepted it “he may have been forced to give up his position as outside [union] steward,” a position of responsibility and esteem. In the first place, the record does not support this assertion. On the contrary it is clear that no boilermaker is treated as an outsider or insider on an exclusive basis. While they may tend toward one or the other most of the time they all take the other assignments on occasion. Had plaintiff taken these inside jobs which were offered to him there is nothing in the record to suggest that he would never again get .outside on enough occasions to function as outside steward. Second, union stewardship is not a right flowing from plaintiff’s employment by Boland as were the tenured reshipment rights involved in the Lykes case. Boland had nothing to do with plaintiff’s appointment as steward. His union made that appointment and the assistant business agent of the union indicated that stewards are changed “from time to time for whatever reasons.” Thus, while plaintiff enjoyed being steward this was not a part of his job but a personal pursuit with his union and a situation which he would not necessarily keep in any event.
Next, plaintiff contends that his departure from Boland’s employment was not without good cause under R.S. 23:1601(1) contrary to the Referee’s determination. This contention is based on the argument that Boland arbitrarily deprived him of outside work in a discriminatory manner because plaintiff had just been reinstated to employment as a result of arbitration proceedings in May, 1982.
The grievance involved in those proceedings arose out of plaintiff’s being fired because he refused to do some welding in connection with an assignment on a ship. Plaintiff contended that as a boilermaker he could not be required to perform the work of another trade, while Boland contended that this welding was a minor part of plaintiff’s job incidental to the boilermaker’s trade. The arbitrator actually agreed with Boland on the principle but decided in favor of plaintiff on a technicality because of the posted company work rules. In any event, plaintiff was reinstat *128 ed and was in the process of collecting his back pay when the assignments to inside work began. Plaintiffs position is that these circumstances compel the inference that Boland’s motive was to harass or get even with plaintiff. The Referee had the benefit of evaluating the credibility of Bo-land’s Industrial Relations Manager and other Boland supervisory personnel who denied any such ulterior motive for assigning plaintiff to inside jobs, and the Referee specifically concluded that plaintiff was not the victim of arbitrary or discriminatory treatment. Such a credibility determination may not be disturbed on judicial review;
Since the record amply supports the administrative determination that suitable work was available to plaintiff and that he left his employment without good cause connected with his employment the judgment of the trial court affirming the Board of Review’s decision is affirmed.
AFFIRMED.